# United States Court of Appeals
## For the First Circuit

———————————

No. 01-2189

JAMES A. CHUTE,

Plaintiff, Appellant,

v.

GEORGE WALKER,

Defendant, Appellee,

CITY OF CAMBRIDGE AND CAMBRIDGE RENT CONTROL BOARD, ROBERT W. HEALY,
CITY MANAGER, RONNIE WATSON, AS POLICE COMMISSIONER, CITY OF
CAMBRIDGE, UNKNOWN POLICE OFFICERS OF THE CITY OF CAMBRIDGE,
INDIVIDUALLY AND IN THEIR OFFICIAL CAPACITY, GEORGE WALKER, POLICE
OFFICER, CITY OF CAMBRIDGE, IN HIS OFFICIAL CAPACITY,

Defendants.

———————————

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Robert E. Keeton, U.S. District Judge]

———————————

Before

Boudin, Chief Judge,
Lynch, Circuit Judge,
and Gertner,[*] District Judge.

———————————

Valeriano Diviacchi for appellant.
Thomas J. Urbelis with whom Urbelis, Fieldsteel & Bailin, LLP was
on brief for appellee.

———————————

[*]     Of the District of Massachusetts, sitting by designation.

_____

February 27, 2002
_____

**LYNCH, Circuit Judge**. James A. Chute, a man of Irish descent, filed a nine-count complaint against the City of Cambridge, the city's police commissioner, and several of the city's police officers in both their individual and official capacities, alleging that defendant, officer George Walker, directed ethnic slurs toward him, hit him on the head, handcuffed him too tightly, and then falsely arrested, imprisoned, and charged him with various crimes.

Walker, appearing through counsel, filed a motion to dismiss one of Chute's nine counts and an answer to Chute's complaint. On the next day, the city, and all of the other defendants, including Walker, in their official capacities only, filed a motion to dismiss counts two through four. Chute responded to none of these motions. Although no party moved to dismiss eight of the claims against Walker individually, the district court nonetheless dismissed Chute's complaint in its entirety for failure to state a claim, Fed. R. Civ. P. 12(b)(6), and denied Chute's motion for relief from judgment, Fed. R. Civ. P. 60(b).

Chute appeals the dismissal of seven of the nine counts, only as they apply to Walker in his individual capacity.

He concedes the dismissal of two of the counts in their entirety. He also concedes the dismissal of all of the counts against Walker in his official capacity as well as the dismissal of all of the counts against all of the other defendants.[1] As to the remaining counts against Walker individually, Chute says the district court erred by, sua sponte, dismissing those counts without providing him notice or an opportunity to be heard. In addition, Chute says the district court's conclusion that all of his claims against Walker must be dismissed, because he never served Walker with process, is incorrect because Walker waived this objection. We agree that the district court erred and so we reverse the district court's dismissal of counts one, two, and five through nine of Chute's complaint, against Walker individually, and reinstate the case for further proceedings.

## I.

On August 2, 2000, Chute filed a nine-count complaint in the district court seeking money damages against the City of Cambridge, the city's police commissioner, and several police

---

[1] On October 19, 2001, this court granted the official capacity defendants' unopposed motion to dismiss the appeal naming them, and dismissed the appeal except for Chute's appeal of the dismissal of the action against defendant Walker in his individual capacity.

-3-

officers, including officer Walker, in their individual and official capacities. The complaint stated that on August 7, 1997, officer Walker called Chute a "mick bastard" and said to him "I'm an American, why don't you scum go back to where you came from." According to Chute, Walker then hit him on the head several times and, with the help of other unknown officers, falsely arrested him and used excessive force in doing so. Chute's complaint also asserted that Walker and the other unknown officers falsely charged him with "several criminal and motor vehicle violations" and falsely imprisoned him. According to the signed Return of Service, on August 3, 2000, a constable served the summons and complaint by handing copies to Lieutenant Walsh, who signed as an authorized agent for officer Walker.

In counts one, four, and five, Chute claimed that these acts violated, in different ways, his Fourth, Eighth, and Fourteenth Amendment rights under color of state law in violation of 42 U.S.C. § 1983. In counts two and six, he also claimed that these acts constituted interference, by threat, intimidation, and coercion, with the exercise of his Massachusetts constitutional and statutory rights, in violation of the Massachusetts Civil Rights Act, Mass. Gen. Laws ch. 12,

§§ 11H and 11I (2000). In count three, he alleged a violation of the Massachusetts Tort Claims Act, id. ch. 258, and, in counts seven through nine, state tort law prohibiting assault and battery, false arrest, and false imprisonment. Counts five through eight were explicitly against Walker in his individual capacity and counts one, two, and nine might also fairly be read to assert claims against Walker individually.

Approximately one month later, on September 5, Walker filed a Rule 12(b)(6) motion to dismiss count three -- Chute's state Tort Claims Act count -- and an answer to the complaint. In neither filing did Walker object to the manner in which he had been served or otherwise purport to limit the appearance by his counsel. On the next day, September 6, the city, and all of the other defendants, including Walker, in their official capacities only, filed a motion to dismiss counts two through four and an answer to the complaint. Chute did not respond to any of these filings.

On February 15, 2001, the district court dismissed Chute's complaint, in its entirety and with prejudice. The court based its dismissal on the official capacity defendants' September 6 motion to dismiss counts two through four, which the

-5-

district court incorrectly characterized as a motion to dismiss "all" counts other than count one (the § 1983 claim).  The district court dismissed count one once it dismissed all of the other counts because it characterized count one as derivative of those other counts.

Almost two weeks later, on February 28, Chute filed a motion for relief from final judgment, under Fed. R. Civ. P. 60(b), arguing (1) that Walker had never, in his individual capacity, moved to dismiss,[2] and (2) that the official capacity defendants' motion to dismiss only sought dismissal of counts two through four.  Chute's counsel admitted having failed to respond to the official capacity defendants' motion to dismiss, but argued that the motion did not seek dismissal of any counts against the individual capacity defendants and that it did not even seek dismissal of all counts against the city and the official capacity defendants.

---

[2]    About two weeks later, Chute amended his 60(b) motion, conceding that Walker had filed a motion to dismiss count three (Chute's Tort Claims Act count) only, but continuing to insist that no defendant had sought dismissal of all counts against the individual capacity defendants.  The amendment to the motion consistently, but erroneously, refers to defendant Watson (the Cambridge police commissioner, sued in his official capacity) instead of Walker.

Without addressing Chute's claim that no party had ever filed a motion to dismiss all counts against the individual capacity defendants, all defendants responded to Chute's 60(b) motion by arguing that Chute's counsel had not provided a legally sufficient excuse for failing to respond to the earlier-filed motions to dismiss counts two through four and count three.

Around this time, Chute's counsel withdrew and new counsel appeared for him. Chute's new counsel, who represents him on appeal, waived the portion of Chute's 60(b) motion that sought vacation of the dismissal of the claims against the city and all official capacity defendants; he only sought vacation of the judgment dismissing counts one, two, and five through nine, against the individual capacity defendants. Counsel explained that neither Walker, nor any of the "unknown officers," in their individual capacities, had ever filed a motion to dismiss these counts and that there was no basis for a sua sponte dismissal.

On June 12, 2001, the district court entered an order deferring its ruling on Chute's 60(b) motion and inviting him to show good cause for relief from judgment. The district court reasoned that it properly dismissed Chute's complaint, in its

entirety, because the complaint did not assert any individual capacity claims. This was not so. The district court also offered a new justification for dismissal: it said that Chute had never served Walker with process in his individual capacity and that Walker had only participated in the litigation in his official capacity.

Chute's new counsel accepted the district court's invitation to show cause and filed a memorandum stating that Chute's complaint did, in fact, assert counts against Walker individually. In response to the district court's insufficient service rationale, the memorandum noted that, contrary to the district court's June 12 conclusion, separate counsel had represented Walker in his individual capacity. Chute also explained that Walker, in his individual capacity, had not moved to dismiss the entire complaint and that Walker had waived any objection to service of process by not objecting in his answer.

Again, this time in response to Chute's memorandum to show cause, Walker advanced the inapposite argument that Chute's counsel had failed to provide a legally sufficient excuse for failing to respond to the earlier-filed motion to dismiss counts two through four. Walker argued, without ever addressing

-8-

Chute's claim that no motion to dismiss all counts against Walker individually had ever been filed, and without rebutting Chute's claim that Walker had waived any service of process objection, that Chute's failure to respond to the earlier-filed motions to dismiss did not constitute excusable neglect.

Finally, on July 30, 2001, the district court denied Chute's 60(b) motion. The district court deleted its previous conclusion that Walker had only been represented by a single attorney, but noted that Walker's attorney had never claimed that he had been authorized to represent Walker individually. The district court, in defending its dismissal of the individual capacity claims against Walker, relied on its view that Walker had never been served in his individual capacity.

## II.

We review de novo a district court's dismissal of a complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6).[3] Clorox Co. P.R. v. Proctor & Gamble Commercial Co., 228 F.3d 24, 30 (1st Cir. 2000).

---

[3] Because Chute has brought a timely appeal of the district court's final judgment, we need not discuss or apply the standard of review for rulings on 60(b) motions.

Here, the district court dismissed Chute's complaint sua sponte. The complaint set out nine counts against several different defendants. Among these counts were several counts against Walker in his individual capacity. Neither Walker nor anybody else ever moved to dismiss all nine counts. Nevertheless, the district court dismissed Chute's complaint, in its entirety and with prejudice,[4] based on the official capacity defendants' September 6 motion to dismiss counts two through four.

Contrary to the district court's conclusion, Chute did sue Walker in his individual capacity. Chute's complaint stated, at least thirteen separate times, including twice in the

---

[4]     The district court appears to backtrack from its February 15 memorandum and order dismissing the entirety of Chute's action when it concluded its July 30 denial of Chute's 60(b) motion by stating:

> When the adjudication, now confirmed, was made, no claim of liability of a police officer individually was before the court and no individual had been served or filed an appearance. In these circumstances, no adjudication on the merits has been made in this case as to any claim against a police officer individually.

This recharacterization does not change the fact that Chute's complaint explicitly asserted several counts against Walker individually and that, on February 15, the district court dismissed the complaint.

complaint's caption, that Chute was suing Walker and other unknown officers "individually" or in their "individual capacities." Nevertheless, the district court incorrectly concluded that its "interpretation of the original complaint as one making only official-capacity claims was reasonable" and noted that "[t]he City of Cambridge, under that interpretation, was the only defendant." Chute sued Walker individually, and the City of Cambridge was not the only defendant.

Furthermore, no party moved to dismiss the entire complaint. Walker filed a motion to dismiss count three and the city, and all of the other defendants, including Walker, in their official capacities only, filed a motion to dismiss counts two through four. Based on the official capacity defendants' motion to dismiss counts two through four, which the district court characterized as a motion to dismiss "all" counts (other than the § 1983 count), the district court dismissed the entire complaint.

Chute grants that he never responded to these two motions to dismiss and concedes the dismissal of all counts against the city and the official capacity defendants, and count three against Walker. He also relinquishes count four against

-11-

Walker. He only seeks reinstatement of counts one, two, and five through nine against Walker individually because, he says, these counts were improperly dismissed. Chute claims that these counts were dismissed sua sponte and without any notice or opportunity for him to be heard; no defendant moved to dismiss the entire complaint and so he was caught by surprise when the district court dismissed. We agree.

"Sua sponte dismissals are strong medicine, and should be dispensed sparingly." Gonzalez-Gonzalez v. United States, 257 F.3d 31, 33 (1st Cir. 2001). The general rule is that "in limited circumstances, sua sponte dismissals of complaints under Rule 12(b)(6) . . . are appropriate," but that "such dismissals are erroneous unless the parties have been afforded notice and an opportunity to amend the complaint or otherwise respond." Futura Dev. of P.R., Inc. v. Estado Libre Asociado de P.R., 144 F.3d 7, 13-14 (1st Cir. 1998); see also Carparts Distrib. Ctr., Inc. v. Auto. Wholesaler's Assoc. of New England, Inc., 37 F.3d 12, 15 (1st Cir. 1994).

"This does not mean . . . that every sua sponte dismissal entered without prior notice to the plaintiff automatically must be reversed. If it is crystal clear that the

plaintiff cannot prevail and that amending the complaint would be futile, then a sua sponte dismissal may stand." Gonzalez-Gonzalez, 257 F.3d at 37; see also Clorox, 228 F.3d at 30 (noting "limited exceptions to the general rule barring dismissal without notice"); accord Curley v. Perry, 246 F.3d 1278 (10th Cir. 2001).  The party defending the dismissal must show that "the allegations contained in the complaint, taken in the light most favorable to the plaintiff, are patently meritless and beyond all hope of redemption." Gonzalez-Gonzalez, 257 F.3d at 37.

Without expressing any further opinion of the merits of Chute's complaint, we conclude that counts one, two, and five through nine, against Walker individually, are not "patently meritless and beyond all hope of redemption." Id.  Therefore, it was error to dismiss these counts sua sponte and without notice.

This does not end the matter because the district court stated, as its reason for denying Chute's 60(b) motion, that it lacked personal jurisdiction because Chute had never served Walker individually with process.  Without endorsing that

reasoning or reaching the issue,[5] the dismissal was still improper because Walker waived any insufficiency of service of process objection when he filed an answer to the complaint and a motion to dismiss without raising such an objection.

Fed. R. Civ. P. 12(h)(1) states: "A defense of . . . insufficiency of service of process is waived . . . if omitted from a motion in the circumstances described in [Rule 12](g)." Rule 12(g) states: "If a party makes a motion under this rule but omits therefrom any defense or objection then available to the party which this rule permits to be raised by motion, the party shall not thereafter make a motion based on the defense or objection so omitted."  Walker moved to dismiss under Rule 12(b)(6) and omitted a Rule 12(b)(5) insufficiency of service of process defense, so his insufficiency of service of process defense is waived.  See 5A C.A. Wright & A.R. Miller, Federal Practice and Procedure § 1353, at 281 (2d ed. 1990) ("[I]f a motion is made asserting any of the defenses listed in Rule 12(b), any objection to process must be joined in that motion or it will be deemed waived."); id. § 1391, at 744 ("[I]t now is

_____

[5]    Chute did serve Walker and no restriction was placed on the acceptance of service.

-14-

clear that any time defendant makes a pre-answer Rule 12 motion, he must include, on penalty of waiver, the defenses set forth in subdivisions (2) through (5) of Rule 12(b).").

Walker never raised the insufficiency of process issue; only the district court did. We need not address whether this is ever permissible, but note that other circuits frown on it and that it was impermissible under these circumstances.[6] The district court noted its view that Walker did not waive his objection, stating that Walker's motion to dismiss count three was "filed by the only attorney who has made an appearance for any of the defendants in this case." The district court later recognized that this was incorrect and deleted this language from its earlier memorandum. The district court, however, stuck

---

[6]   E.g., O'Brien v. R.J. O'Brien & Assocs., Inc., 998 F.2d 1394, 1399 (7th Cir. 1993) (stating that "once the defendant has waived objections based on insufficiency of process and submitted generally to the jurisdiction of the court, the court is powerless to dismiss the suit for lack of personal jurisdiction"); Pusey v. Dallas Corp., 938 F.2d 498, 501 (4th Cir. 1991) (stating that "unexcused failure to raise the untimeliness of service defense . . . must be held to deprive the court of that power"); Pardazi v. Cullman Med. Ctr., 896 F.2d 1313, 1317 (11th Cir. 1990) (holding that "when a defendant has waived his objection to insufficient service of process (or any other defect in personal jurisdiction) . . . the court may not, . . . [on] its own initiative, dismiss the suit for lack of personal jurisdiction or insufficient service of process").

to its rationale that attorney Urbelis had never represented Walker individually. This too was incorrect. The defendants' opposition to Chute's 60(b) motion was filed by both Schlacter, for the official capacity defendants, and Urbelis, explicitly stating that he represented Walker "In His Individual Capacity." Therefore, Walker waived his service of process objection when he did not include it in his 12(b) motion to dismiss and the district court could not have resurrected it for him.

In conclusion, the district court erroneously dismissed Chute's complaint, sua sponte and without providing Chute notice or an opportunity to be heard, when it dismissed all counts even though no defendant ever moved for such a dismissal. The district court committed further error when it denied Chute's 60(b) motion, relying on insufficient service of process, because Walker waived such an objection when he filed a 12(b)(6) motion that did not include any mention of insufficient service.

## III.

The district court's dismissal of counts one, two, and five through nine of Chute's complaint, against Walker individually, is <u>reversed</u> and the case is <u>reinstated</u> for further proceedings not inconsistent with this opinion.

-16-