[NOT FOR PUBLICATION—NOT TO BE CITED AS PRECEDENT]

# United States Court of Appeals
## For the First Circuit

---

No. 01-2138

SYLVAIN NICOLAS,

Plaintiff, Appellant,

v.

STATE OF RHODE ISLAND, ET AL.,

Defendants, Appellees.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

[Hon. Mary M. Lisi, U.S. District Judge]

---

Before

Boudin, Chief Judge,
Torruella and Lipez, Circuit Judges.

---

Sylvain Nicolas on brief pro se.
Sheldon Whitehouse, Attorney General, and Richard B. Woolley, Deputy Chief, on brief for appellees.

---

May 3, 2002

---

**Per Curiam**.    Sylvain Nicolas appeals from the district court's order granting the defendants' motion to dismiss his civil rights complaint for failure to state a claim, Fed.R.Civ.P. 12(b)(6).  Nicolas alleged that the State of Rhode Island and Lisa Holley, in her official capacity as Chairperson of the Board of Parole, and individually, violated his due process and equal protection rights when, at his parole hearing, Holley asked Nicolas if he practiced a lot of voodoo and black magic.

We review de novo a district court's dismissal of a complaint for failure to state a claim under Fed.R.Civ.P. 12(b)(6).  Chute v. Walker, 281 F.3d 314, 318 (1st Cir. 2002). We must accept the well pled facts of the complaint as true and indulge every reasonable inference in favor of allowing the lawsuit to proceed.  See North Bridge Associates, Inc. v. Boldt, 274 F.3d 38, 40 (1st Cir. 2001).  "Bald assertions, unsupportable conclusions, periphrastic circumlocution, and the like," on the other hand can safely be ignored.  See Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996).

Having conducted this review, we conclude that the district court's finding that claims for damages against the State of Rhode Island and against Lisa Holley in her official capacity and individual capacity should be dismissed is correct for essentially the reasons stated in the magistrate judge's report and recommendation.

We add that Nicolas' claims for declaratory and injunctive relief were also properly dismissed. Though the district court and the magistrate judge did not address Nicolas' request for a declaratory judgment, Nicolas did not raise this omission in his objection to the magistrate's report or raise this issue in his initial brief on appeal. In his reply brief, he makes a single reference to the request for a declaratory judgment in his summary of relief sought. Accordingly, he has not adequately preserved this request for relief, as failure to raise a particular objection to a magistrate's report waives that claim, Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 604-05 (1st Cir. 1980), and arguments may not be raised for the first time in a reply brief, North American Specialty Ins. Co. v. Lapalme, 258 F.3d 35, 45 (1st Cir. 2001).

The district court also did not address Nicolas' request for "relief" from the correctional institution so he could be "deported." Because Nicolas cannot obtain relief that would shorten his term of imprisonment through a § 1983 action but must seek such relief through a habeas petition, this claim was also properly dismissed. Heck v. Humphrey, 512 U.S. 477, 480 (1994) (explaining Preiser v. Rodriquez, 411 U.S. 475 (1973)).

Finally, accepting the well pled facts of the complaint as true and indulging every reasonable inference in favor of allowing the lawsuit to proceed, we conclude that

-3-

Nicolas has not stated a claim of the denial of his rights to due process or equal protection.

Accordingly, the district court's order dismissing the complaint for failure to state a claim is <u>affirmed.</u>