Joan **BENNETT**, Barbara Ann Bennett, Judith Ewell, Nancy Derderian, Robert Bennett, Susan Mary Bennett, Walter Bennett, Jr., Brenda Thorburg, Francine Wilbanks, William Bennett, and Geraldine Proszek, Plaintiffs

v.

**UNITED STATES of America, et al Defendants**

**No. CIV.A.03–11442 RCL.**

United States District Court, D. Massachusetts.

Sept. 30, 2005.

---

Paul J. Gannon, Gannon & Hurley, P.C., Francis J. Hurley, Gannon & Hurley, PC, Boston, MA, Plaintiffs.

Stacey Bosshardt, U.S. Department of Justice, Torts Branch, Catherine J. Finnegan, U.S. Department of Justice, Allen L. Lanstra, U.S. Department of Justice, Keith H. Liddle, Department of Justice Civil Division, Torts Branch, Washington, DC, for Defendant.

## MEMORANDUM AND ORDER ON THE MOTION OF THE UNITED STATES TO DISMISS

LINDSAY, District Judge.

This action is brought against the United States and H. Paul Rico [1] by the eleven surviving children of Walter Bennett. The case arises out of the circumstances of Walter Bennett's murder on or about December 23, 1967. The plaintiffs allege that Stephen J. Flemmi murdered Walter Bennett, and that at the time of the murder, Flemmi was both a leader in a notorious criminal organization known as the Winter Hill Gang and an informant of the FBI. On various theories, the complaint alleges that Rico and the United States bear responsibility for and are liable to the plaintiffs for Walter Bennett's murder. Count I asserts a claim against Rico under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). Counts II through VIII assert claims, on various state law theories of liability, for the alleged wrongful death of Walter Bennett. These claims are made against the United States pursuant to the Federal Tort Claims Act (the "FTCA"), 28 U.S.C. §§ 1346, 2401, 2671, *et seq.* The United States has moved to dismiss all the claims against it for lack of subject matter jurisdiction, claiming that the plaintiffs failed to present their respective administrative

---

1. The complaint alleges that, at relevant times, the defendant, H. Paul Rico, was an agent of the Federal Bureau of Investigation ("FBI"). This case is one of several assigned to me that raise the issue of the liability of the United States and certain agents of the FBI for the murder by informants of the FBI of various individuals. In the lead case, *Estate of McIntyre v. United States, et al,* C.A. No. 01–10408–RCL, a suggestion of the death of Rico was filed on January 20, 2004. By virtue of having been filed in that case, into which I have consolidated the several cases of this genre for pretrial purposes, the suggestion of death applies to the present case.

claims to the appropriate federal agency within two years of the accrual of their claims, as required by the FTCA, 28 U.S.C. § 2401(b). The plaintiffs oppose the motion to dismiss.

■ I grant the motion to dismiss without reaching the grounds asserted by the United States. As noted above, all the plaintiffs' claims against the United States made pursuant to the FTCA, arise out of the alleged wrongful death of Walter Bennett. The relief sought by the plaintiffs is typical of relief sought in a wrongful death action. That is, the plaintiffs seek recovery for "the loss of parental consortium, society and companionship of [Walter Bennett] and resultant emotional distress ..." First Amended Complaint, ¶ 109. The claims asserted by the individual plaintiffs in this case, however, can only be brought by an executor or the administrator of the Estate of Walter Bennett, pursuant to the Massachusetts wrongful death statute, Mass. Gen. L. ch. 229, § 1, *et seq.* It is well settled under Massachusetts law that the wrongful death statute "requir[es] that any action for wrongful death be brought by a personal representative on the behalf of the designated categories of beneficiaries [set forth in Mass. Gen. L. ch. 229 § 1]." *Gaudette v. Webb,* 362 Mass. 60, 71, 284 N.E.2d 222 (1972). The Supreme Judicial Court has interpreted the wrongful death statute categorically in the following terms: "The wrongful death statute provides for a single action brought by the decedent's executor or administrator. The executor or administrator presents *all* claims by the designated beneficiaries for damages flowing from the wrongful death." *Hallett v. Town of Wrentham,* 398 Mass. 550, 555, 499 N.E.2d 1189 (1986). (emphasis added). The executor or administrator "merely acts as representative or conduit for the children's recovery." *Gaudette,* 362 Mass. at 72, 284 N.E.2d 222.

Two of the claims brought by the individual defendants in this case are claims for "emotional distress." Count VI alleges negligent infliction of emotional distress, and count VII alleges intentional infliction of emotional distress. Although the SJC has held that certain emotional distress claims are not preempted by the wrongful death statute, *Cimino v. Milford Keg, Inc.,* 385 Mass. 323, 431 N.E.2d 920 (1982), the emotional distress claims here can only be brought by the estate, because they are claims essentially for the sorrow and grief that the plaintiffs have experienced as a consequence of the loss of their father. Indeed, the plaintiffs describe their emotional distress as "resultant" of their loss of the consortium, society and companionship of their father. First Amended Complaint, ¶ 109. The plaintiffs' claims thus are not claims of psychological shock arising from their having witnessed the conduct leading to Walter Bennett's death; that is, they are not the kind of emotional distress claims excluded from the purview of the wrongful death statute. *See Miles v. Edward O. Tabor, M.D.,* 387 Mass. 783, 443 N.E.2d 1302 (1982) (holding that plaintiff's claims for grief and sorrow over her son's death were indistinct from her claim for wrongful death, because there was insufficient evidence that such emotional suffering resulted from *witnessing* the conduct that caused the plaintiff's son's death.); *see also Cimino,* 385 Mass. at 334, 431 N.E.2d 920 (distinguishing individually recoverable emotional distress, in the form of "severe psychological shock, directly resulting from experiencing or witnessing, the effects of a defendant's conduct" from the emotional distress in the form of loss of consortium recoverable only by an estate pursuant to the wrongful death statute.) As the Supreme Judicial Court has said: "The two claims are theoretically different and deal with different responses to the same wrong, even though a plaintiff

might have difficulty sorting out whether a particular emotional response is attributable to the loss of consortium or to the direct effect of the wrong . . . ." *Nancy P. v. D'Amato,* 401 Mass. 516, 523 n. 9, 517 N.E.2d 824 (1988).

I conclude that all the claims made by the individual plaintiffs in this case are wrongful death claims and as such may not be brought individually by these plaintiffs.[2] The waiver of the sovereignty of the United States, granted by the FTCA, only makes the United States liable for the wrongful conduct of its employees, acting within the scope of their employment, "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). Because a private party in Massachusetts would not be liable to the *individual* plaintiffs here for the claims asserted in this case, those claims may not be asserted against the United States. In other words, in Massachusetts, a private party would only be liable for wrongful death to the estate of the deceased person, not to individual beneficiaries. Thus, the United States is not liable here.

Accordingly, counts II thought VIII of the first amended complaint are dismissed. Furthermore, because no entity has been substituted for the defendant, Rico, following his death, the claim against him asserted in count I likewise is dismissed.

 The action I have taken here amounts to a *sua sponte* dismissal of the plaintiffs' claims. The First Circuit has warned that "[s]ua sponte dismissals are strong medicine and should be dispensed sparingly." *Cepero–Rivera v. Fagundo,*

414 F.3d 124, 130 (1st Cir.2005) (quoting *Chute v. Walker,* 281 F.3d 314, 319 (1st Cir.2002)). Furthermore, "such dismissals are erroneous unless the parties have been afforded notice and an opportunity to amend the complaint or otherwise respond." *Id.* (internal quotation marks and citations omitted). For that reason, the orders of dismissal contained in this memorandum and order shall be conditional for a period of twenty-one days from the date hereof. The plaintiffs must show cause not later than October 21, 2005 why a final order of dismissal should not be entered for the reasons set forth in this memorandum and order. If the plaintiffs fail to respond within the time prescribed or fail adequately to show cause within that time, the order of dismissal, entered today, shall become a final order of dismissal. If the plaintiffs file a brief and/or other papers, in response to the order to show cause, the United States shall have fourteen days from the date of that filing to respond.

SO ORDERED.

---

2. The Estate of Walter Bennett has a companion case before me in which the Estate makes claim for the wrongful death of Walter Bennett. *Joan Bennett, Administratrix of the Estate of Walter Bennett v. United States, et al,* Civil Action No. 04–10011–RCL.