

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-12-2007

# Bethea v. Nation of Islam

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-2072

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Bethea v. Nation of Islam" (2007). *2007 Decisions.* Paper 444.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/444

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

DLD-363                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-2072
_____

STANLEY BETHEA,

Appellant,

v.

NATION OF ISLAM;
LOUIS FARRAKHAN;
TYNNETTA MUHAMMAD

_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civ. No. 06-cv-01492)
District Judge:  Honorable William W. Caldwell

_____

Submitted For Possible Dismissal under 28 U.S.C. § 1915(e)(2)
or Summary Action Under Third Circuit L.A.R. 27.4 and I.O.P. 10.6
August 30, 2007

Before:  BARRY, AMBRO and FISHER, CIRCUIT JUDGES

(Filed: September 12, 2007 )
_____

OPINION
_____

PER CURIAM

      Stanley Bethea, proceeding pro se, appeals from the District Court's sua sponte

dismissal of his complaint for failure to state a claim.  We have jurisdiction pursuant to 28

U.S.C. § 1291, and exercise plenary review over a dismissal under Federal Rule of Civil Procedure 12(b)(6). United States ex rel. Schmidt v. Zimmer, Inc., 386 F.3d 235, 240 (3d Cir. 2004). We will dismiss the appeal pursuant to 28 U.S.C. § 1915(e)(2)(B).

On August 1, 2006, Bethea submitted a complaint under the Fourteenth Amendment of the U.S. Constitution, 42 U.S.C. § 1981, and 42 U.S.C. § 1982, alleging that the Nation of Islam, Louis Farrakhan, and Tynnetta Muhammad ("the defendants") racially discriminated against him when they failed to hire him to lead the Nation of Islam.[1] The District Court issued a summons and the defendants were served with the complaint. The District Court then granted Bethea's motion for leave to file an amended complaint on the condition that the amended complaint "stand on its own." Bethea submitted an amended complaint that failed to conform to the District Court's directive, and the District Court dismissed the amended complaint. After denying Bethea's motion to file a second amended complaint, the District Court ordered that the case would proceed on the original complaint.

On April 5, 2007, the District Court sua sponte dismissed Bethea's complaint for failure to state a cognizable claim. The District Court determined that Bethea could not proceed under the Fourteenth Amendment because the defendants are neither state actors nor did they act under color of state law. See Edmunson v. Leesville Concrete Co., Inc.,

---

[1] Bethea claims that he is the "best and only qualified leader of the Nation of Islam" because he is the reincarnation of Fard Muhammad and Elijah Muhammad.

500 U.S. 614, 620-22 (1991) (explaining state actor and state action standards). Bethea was also precluded from proceeding on an employment discrimination claim under 42 U.S.C.§1981 or §1982 because the First Amendment's ministerial exception "bar[red] any claim, the resolution of which would limit a religious institution's right to select who will perform particular spiritual functions." Petruska v. Gannon Univ., 462 F.3d 294, 307 (3d Cir. 2006). Finally, the District Court noted that § 1982, which prohibits all racial discrimination with respect to housing, does not apply to employment discrimination claims such as Bethea's. See 42 U.S.C. § 1982 (securing the right of all citizens to "inherit, purchase, lease, sell, hold, and convey real and personal property).

Bethea timely appealed from the District Court's order of dismissal, and because he is now proceeding in forma pauperis, we must determine whether this appeal should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). An appeal is considered frivolous if it "lacks an arguable basis in either law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

Generally, a district court may sua sponte dismiss a complaint under Rule 12(b)(6) after service of process only if the plaintiff is afforded an opportunity to respond. See Oatess v. Sobolevitch, 914 F.2d 428, 430 n.5 (3d Cir. 1990). However, although disfavored, a sua sponte dismissal may stand even if the plaintiff is not provided notice and an opportunity to respond where it is clear that the plaintiff cannot prevail and that any amendment would be futile. Chute v. Walker, 281 F.3d 314, 319 (1st Cir. 2002); see

3

also Fed. R. Civ. P. 61 ("No error . . . by the court . . . is ground for disturbing a judgment or order, unless refusal to take such action appears to the court inconsistent with substantial justice."). Here, although service of process was completed, the District Court did not provide Bethea with an opportunity to be heard regarding the possibility of dismissal. Nevertheless, Bethea was given an opportunity to amend his complaint, and this is the rare case where a sua sponte dismissal should stand because it is "crystal clear" that Bethea cannot prevail, as the allegations, "'taken in the light most favorable to [Bethea], are patently meritless and beyond all hope of redemption.'" Id. (citing Gonzalez-Gonzalez v. United States, 257 F.3d 31, 37 (1st Cir. 2001)); see also Lunderstadt v. Colafella, 885 F.2d 66, 69-70 (3d Cir. 1989). Although our precedent disfavors the procedural shortcuts that the District Court took in dismissing Bethea's complaint, its analysis of the complaint's viability – or lack thereof – is correct. Accordingly, we will dismiss the appeal pursuant to 28 U.S.C. 1915(e)(2)(B).