

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-6-2007

# O'Dell v. USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-3325

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"O'Dell v. USA" (2007). *2007 Decisions.* Paper 124.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/124

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

ALD-47                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-3325
_____

DANNY THOMAS O'DELL,
                                                    Appellant

v.

UNITED STATES GOVERNMENT; PHILIP J. BERG
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 07-cv-1094)
District Judge:  Honorable Eduardo C. Robreno
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or Summary
Action Under Third Circuit L.A.R. 27.4 and I.O.P. 10.6
November 8, 2007

Before: SLOVITER, FISHER and HARDIMAN, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  December 6, 2007)
_____

OPINION
_____

PER CURIAM

        Danny Thomas O'Dell, proceeding pro se, appeals from the order of the United

States District Court for the Eastern District of Pennsylvania dismissing his case as

frivolous. We will dismiss the appeal pursuant to 28 U.S.C. § 1915(e)(2).

On March 1, 2007, O'Dell filed a motion for leave to proceed before the district court in forma pauperis. He then filed documents entitled "Addendum," "Notification of Appeal," and "Addendum to Appeal," which stated in the captions that he was "appeal[ing] from 2:03 cv–05273-er." Mariani v. U.S.A., the case that O'Dell attempts to appeal from (although there is no indication that he was involved with that case in any capacity), concerned claims that the United States government permitted the attacks of September 11, 2001, and thus caused the death of the Mariani plaintiff's husband. (See E.D. Pa. Civ. No. 03-cv-05273.) The District Court dismissed Mariani on April 16, 2004 under Federal Rule of Civil Procedure 41(a). In this case, O'Dell makes allegations regarding the September 11, 2001 attacks similar to those in Mariani—i.e., that the attacks resulted from a conspiracy between the United States government and numerous individuals and corporations.

O'Dell filed a timely notice of appeal to this Court after the District Court dismissed his case as frivolous in an order entered on July 23, 2007. We have jurisdiction pursuant to 28 U.S.C. § 1291, and exercise plenary review of the District Court's legal conclusions. Cradle v. U.S. ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002). Having granted O'Dell leave to proceed in forma pauperis, we must now determine whether his appeal should be dismissed as lacking an arguable basis in law or fact pursuant to 28 U.S.C. § 1915. Neitzke v. Williams, 490 U.S. 319, 325 (1989).

2

The District Court correctly dismissed O'Dell's case, as there is no legal merit to his cause of action. As the District Court determined, O'Dell appeared to be attempting to appeal the Mariani case to the same district court that originally dismissed it. This is obviously improper. And even if O'Dell had standing to appeal from the Mariani decision (which he likely does not), his appeal would be untimely, and an appeal in that case was already filed and subsequently dismissed by this Court. See Fed. R. App. P. 4. Furthermore, if O'Dell is attempting to bring a new cause of action unrelated to Mariani, his allegations—which run the gamut from political and corporate conspiracy to CompUSA's $ 4.99 service plan charge—fail to state any cognizable claims and are "patently meritless and beyond all hope of redemption." See Chute v. Walker, 281 F.3d 314, 319 (1st Cir. 2002) (sua sponte dismissal is appropriate where it is clear that the plaintiff cannot prevail and that any amendment to the complaint would be futile). See also Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002) (noting that dismissal of case without leave to amend is proper when amendment would be futile or inequitable).

Accordingly, we will dismiss O'Dell's appeal pursuant to 28 U.S.C. § 1915(e)(2)(B). We deny as moot O'Dell's request to add parties to the appeal and to amend the caption.