José **FIGUEROA RIVERA,** Plaintiff

v.

**Commonwealth of PUERTO RICO, et al., Defendants.**

**Civil No. 08–1944 (JAG).**

United States District Court, D. Puerto Rico.

April 6, 2009.

---

José Figueroa Rivera, Rio Grande, PR, pro se.

Idza Diaz–Rivera, Maria Maury–Soto, P.R. Department of Justice–Federal Litigation, San Juan, PR, for Defendants.

## OPINION AND ORDER

JAY A. GARCIA–GREGORY, District Judge.

Pending before the Court are the motions to dismiss filed by Defendants Commonwealth of Puerto Rico, Junta de Libertad Bajo Palabra, Administración de Corrección, and María E. Meléndez Rivera (collectively "Defendants"). (Docket Nos. 17, 20, and 21). For the reasons set forth below, the Court **GRANTS** Defendants' motions to dismiss.

## FACTUAL AND PROCEDURAL BACKGROUND

On August 25, 2008, Plaintiff José Figueroa Rivera ("Plaintiff"), an inmate in the Commonwealth of Puerto Rico's prison system, filed the present suit under the Civil Rights Act, 42 U.S.C. § 1983. (Docket No. 2). Defendants moved to dismiss the present complaint. Among other things, it is alleged that Plaintiff has not exhausted administrative remedies and, as such, his claims should be dismissed. (Docket Nos. 17, 20, 21). Plaintiff did not oppose Defendants' request for dismissal.

## STANDARD OF REVIEW

### A. *Motion to Dismiss Standard.*

In *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), the Supreme Court recently held that to survive a motion to dismiss under Rule 12(b)(6), a complaint must allege "a plausible entitlement to relief." *Rodriguez–Ortiz v. Margo Caribe, Inc.,* 490 F.3d 92, 95–96 (1st Cir.2007) (citing *Twombly,* 127 S.Ct. at 1967). While *Twombly* does not require heightened fact pleading of specifics, it does require enough facts to "nudge [plaintiffs'] claims across the line from conceivable to plausible." *Twombly,* 127 S.Ct. at 1974. Accordingly, in order to avoid dismissal, the plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient "to raise a right to relief above the speculative level." *Id.* at 1965.

The Court accepts all well-pleaded factual allegations as true, and draws all reasonable inferences in plaintiff's favor. *See Correa–Martinez v. Arrillaga–Belendez,* 903 F.2d 49, 51 (1st Cir.1990). The Court need not credit, however, "bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like" when evaluating the Complaint's allegations. *Aulson v. Blanchard,* 83 F.3d 1, 3 (1st Cir.1996). When opposing a Rule 12(b)(6) motion, "a plaintiff cannot expect a trial court to do his homework for him." *McCoy v. Massachusetts Institute of Tech.,* 950 F.2d 13, 22 (1st Cir.1991). Plaintiffs are responsible for putting their best foot forward in an effort to present a legal theory that will support their claim. *Id.* at 23 (citing *Correa–Martinez,* 903 F.2d at 52). Plaintiffs must set forth "factual allegations, either direct or inferential, regarding each material element necessary to sustain recovery under some actionable theory." *Gooley v. Mobil Oil Corp.,* 851 F.2d 513, 514 (1st Cir.1988).

## DISCUSSION

 The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e, requires that a prisoner exhaust any available administrative remedies before filing suit. The PLRA provides in pertinent part that "[n]o action shall be brought with respect to prison conditions under section 1983 . . . or any other Federal law, by a prisoner confined in jail, prison, or any other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion of remedies is mandatory. *Porter v. Nussle,* 534 U.S. 516, 524, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002).

 As mentioned above, Plaintiff is an inmate in the Commonwealth of Puerto Rico's prison system. The Commonwealth of Puerto Rico has attested to the fact that Plaintiff did not exhaust administrative remedies as required by the PLRA. Even though Plaintiff claimed in his complaint that he did exhaust administrative remedies, he has failed to provide any evidence of such exhaustion. Defendant Commonwealth of Puerto Rico's motion to dismiss was filed on December 5, 2008. Plaintiff has been given ample time to respond to the Commonwealth of Puerto Rico's assertion that he did not exhaust administrative remedies and he has not done so. Therefore, this Court shall dismiss all of Plaintiff's claims without prejudice for failing to exhaust administrative remedies.[1]

## CONCLUSION

For the reasons stated above, this Court hereby **GRANTS** Defendants' motions to dismiss. (Docket Nos. 17, 20, and 21). All of Plaintiff's claims shall be dismissed without prejudice. Judgment shall be entered dismissing the present case.

IT IS SO ORDERED.

---

1. This Court notes that the other defendants in the case at bar have not moved for the dismissal of Plaintiff's claims. Nonetheless, this Court finds that Plaintiff's claims against all defendants should be dismissed. "Sua sponte dismissal should be used sparingly, but is appropriate if it is 'crystal clear that the plaintiff cannot prevail and that amending the complaint would be futile.'" *TMTV Corp. v. Pegasus Broad. of San Juan,* 490 F.Supp.2d 228, 236 (D.P.R.2007) (citing *Chute v. Walker,* 281 F.3d 314, 319 (1st Cir.2002)).