Ron SWANSON, Plaintiff,

v.

Patricia Kelsey COFFEEN, Defendant.

Civil No. 12–1337 (FAB).

United States District Court, D. Puerto Rico.

July 8, 2013.

Ronald D. Swanson–Cerna, Washington, DC, for Plaintiff.

## MEMORANDUM AND ORDER [1]

BESOSA, District Judge.

Before the Court is plaintiff Ron Swanson's ("Swanson") informative motion submitted in response to the Court's order to show cause that the Court has *in personam* jurisdiction over out-of-state defendant Kelsey Coffeen ("Coffeen"). For the reasons discussed below, the Court finds that it lacks personal jurisdiction over defendant Coffeen, and, accordingly, plaintiff Swanson's claim is **DISMISSED without prejudice.**

## I. BACKGROUND

### A. Relevant Factual Background

Plaintiff Swanson alleges the following facts, which for the purposes of deciding whether *sua sponte* dismissal is appropriate, the Court takes as true and construes in the light most favorable to the plaintiff. *Gonzalez–Gonzalez v. United States*, 257 F.3d 31, 37 (1st Cir.2001):

Plaintiff Swanson hired defendant Coffeen to work at his company, Novel, in March 2011. (Docket No. 12–1 at p. 2.) Defendant Coffeen's first assignment was in Tunica, Mississippi. *Id.* While on this assignment, as well as in two other Skype conversations, defendant Coffeen spoke to plaintiff about how fondly she thought of Puerto Rico, and how she visited there many times—both for vacation and for transferring flights on her way to Punta

---

**1.** Logan Brown, a second-year law student at the Georgetown University Law Center, assisted in the preparation of this Memorandum and Order.

Cana, Dominican Republic. *Id.* at pp. 2–3. In early April 2011, defendant Coffeen "moved to Mallorca, Spain, to continue her responsibilities with Novel in working on the Tunica project." *Id.* at p. 3. On May 11, 2011, plaintiff Swanson arrived in Spain for a series of business meetings. (Docket No. 12–1 at p. 4.)

On the morning of May 12, 2011, defendant Coffeen accused plaintiff Swanson of rape. (Docket No. 1 at p. 1.) Following the rape accusation, plaintiff Swanson spent approximately two weeks in a Spanish prison. (Docket No. 1 at p. 4.) Once plaintiff Swanson was released from prison, however, he was still not permitted to return to the United States until the court in Spain returned his passport after the results of a deoxyribonucleic acid (DNA) test confirmed that the semen found in defendant Coffeen's underwear was not plaintiff Swanson's. (Docket No. 1 at pp. 4–5.) Plaintiff Swanson returned to the United States the first week of March of 2012. *Id.* at p. 5.

Plaintiff Swanson alleges that defendant Coffeen made false allegations of rape to Don Locke, a client of Novel; David Spargo, a financier, a friend of defendant Coffeen and an alleged international fugitive; Patrick Coffeen, an investor and friend of plaintiff Swanson as well as defendant Coffeen's father; Martin Mayfield, a shareholder in Novel; James Bernard; Gary George; and Officer Y of the Spanish national police force.[2] (Docket No. 1 at pp. 2, 6, 9 & Docket No. 12–1 at pp. 3–4.) He also alleges that each alleged false accusation is a separate and distinct cause of

action for defamation.[3] (Docket No. 1 at p. 6.) As a result of the false allegations, plaintiff Swanson alleges, among other damages, that he incurred significant legal expenses to defend himself; was unable to support several businesses that have subsequently failed; was unable to pay for one of his homes in Puerto Rico that was ultimately repossessed by the bank; could not pay child support which resulted in his ex-wife filing a "dead-beat dad" claim against him; and that he went through "horrific" experiences in the Spanish prison. *Id.* at pp. 6–10.

## B. Procedural History

On May 5, 2012, plaintiff Swanson, a citizen of Puerto Rico, filed a complaint alleging that defendant Coffeen, a citizen of Tennesee,[4] defamed him by falsely claiming that he raped her. (Docket No. 1 at p. 1.) On May 25, 2012, the Court issued an order to show cause, ordering plaintiff Swanson to show that the Court has personal jurisdiction over out-of-state defendant Coffeen. (Docket No. 6.) On July 13, 2012, plaintiff Swanson filed a memorandum in support of jurisdiction in response to the Court's order. (Docket No. 12–1.) Plaintiff Swanson amended the complaint on September 19, 2012, to indicate that defendant Coffeen had moved back to Tennessee from Spain. (Docket No. 14.) On November 30, 2012, plaintiff filed an informative motion to support a finding of personal jurisdiction that includes an attached affidavit of defendant Coffeen's testimony to a Spanish court. (Docket No. 15.)

---

**2.** Plaintiff Swanson fails to provide additional information about James Bernard, Gary George or Officer Y.

**3.** Plaintiff Swanson fails to allege where defendant Coffeen made the false allegations to these individuals.

**4.** The complaint lists Puerto Pollença, Balearic Islands (Mallorca, Spain), as defendant Coffeen's place of residence. (Docket No. 1 at p. 2.) In an amendment to the complaint, however, plaintiff Swanson notes that defendant Coffeen is now a resident of Tennessee. (Docket No. 14 at p. 2.)

## II. LEGAL STANDARDS

### A. *SUA SPONTE* DISMISSAL STANDARD

 "*Sua sponte* dismissals are strong medicine, and should be dispensed sparingly." *Gonzalez–Gonzalez*, 257 F.3d at 33. The general rule is that the party facing *sua sponte* dismissal must have an opportunity to amend the complaint or otherwise respond. *Chute v. Walker*, 281 F.3d 314, 319 (1st Cir.2002). Overall, *sua sponte* dismissals are only appropriate when "the allegations contained in the complaint, taken in the light most favorable to the plaintiff, are patently meritless beyond all hope of redemption." *Gonzalez–Gonzalez*, 257 F.3d at 37.

### B. PERSONAL JURISDICTION STANDARD

 "The plaintiff bears the burden of proving the court's personal jurisdiction over the defendant." *Daynard v. Ness, Motley, Loadholt, Richardson & Poole, P.A.*, 290 F.3d 42, 50 (1st Cir.2002). The most commonly used method of determining whether a case should be dismissed "for want of personal jurisdiction is for the district court to consider only whether the plaintiff has proffered evidence that, if credited, is enough to support findings of all facts essential to personal jurisdiction." *Boit v. Gar–Tec Prods., Inc.*, 967 F.2d 671, 675 (1st Cir.1992). When the Court relies on this method, "the plaintiff must make the showing as to every fact required to satisfy 'both the forum's long-arm statute and the due process clause of the Constitution.'" *Id.* (quoting *U.S.S. Yachts, Inc. v. Ocean Yachts, Inc.*, 894 F.2d 9, 11 (1st Cir.1990)); *see also Harlow v. Children's Hosp.*, 432 F.3d 50, 57 (1st Cir.2005) (stating that an exercise of personal jurisdiction over an out-of-state defendant must be authorized by state statute and must comply with the Due Process Clause of the Fourteenth Amendment to the Constitution). "Because the Puerto Rico long-arm statute extends personal jurisdiction to the outer bounds permitted by the Fourteenth Amendment, the exercise of jurisdiction by the Court is limited only by judicial Due Process analysis." *Eon Corp. v. AT & T Mobility, LLC*, 879 F.Supp.2d 194, 201 (D.P.R.2012) (citing *LSI Indus., Inc.*, 232 F.3d 1369, 1371 (Fed.Cir.2000)); *Pritzker v. Yari*, 42 F.3d 53, 60 (1st Cir.1994).

## III. DUE PROCESS PERSONAL JURISDICTION ANALYSIS

The Supreme Court has held that the Due Process Clause of the Fourteenth Amendment limits the power of a court to render a valid personal judgment against an out-of-state defendant. *Goodyear Dunlop Tires Ops., S.A. v. Brown*, —— U.S. ——, 131 S.Ct. 2846, 2853, 180 L.Ed.2d 796 (2011). "The Due Process Clause requires that in order to subject a defendant to a judgment *in personam*, if he not be present within the territory of the forum, he have certain minimum contacts with it such that maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Phillips*, 530 F.3d at 27 (citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 319, 66 S.Ct. 154, 90 L.Ed. 95 (1945)). "Due process requires the plaintiff to prove the existence of either general or specific jurisdiction. The critical factor in the personal jurisdiction calculus—both general and specific—is the existence of 'minimum contacts' between the nonresident defendant and the forum." *Negron–Torres v. Verizon Communications, Inc.*, 478 F.3d 19, 24 (1st Cir.2007) (internal citations omitted). "General jurisdiction exists when the litigation is not directly founded on the defendant's forum-based contacts, but the defendant has nevertheless engaged in continuous and systematic activity, unrelated to the suit, in the forum

state." *United Elec. Workers v. 163 Pleasant St. Corp.*, 960 F.2d 1080, 1088 (1st Cir.1992). "Specific personal jurisdiction, by contrast, is narrower in scope and may only be relied upon 'where the cause of action arises directly out of, or relates to, the defendant's forum-based contacts.'" *Pritzker v. Yari*, 42 F.3d 53, 60 (1st Cir. 1994) (quoting *United Elec. Workers*, 960 F.2d at 1088). The Court will analyze general jurisdiction and specific jurisdiction in turn.

### A. General Jurisdiction

Plaintiff Swanson contends that the Court has general jurisdiction over defendant Coffeen. To justify the exercise of general jurisdiction over an out-of-state defendant, "(1) the defendant must have sufficient contacts with the forum state, (2) those contacts must be purposeful, and (3) the exercise of jurisdiction must be reasonable under the circumstances." *Harlow v. Children's Hosp.*, 432 F.3d 50, 57 (1st Cir. 2005). "Although a showing of 'minimum contacts' is sufficient to establish specific jurisdiction, the standard for establishing general jurisdiction is 'considerably more stringent.'" *Cossaboon v. Maine Medic. Ctr.*, 600 F.3d 25, 32 (1st Cir.2010) (quoting *Glater v. Eli Lilly & Co.*, 744 F.2d 213, 216 (1st Cir.1984)). The first requirement, sufficient contacts, is satisfied when the out-of-state defendant's contacts "with the [forum] State are so continuous and systematic as to render them essentially at home in the forum State." *Goodyear*, 131 S.Ct. at 2851. "For an individual, the paradigm forum for the exercise of general

jurisdiction is the individual's domicile. . . ." *Id.* at 2853.

■ To support a finding of general jurisdiction over defendant Coffeen, Plaintiff Swanson contends that defendant Coffeen has admitted to "her wonderful vacations in Puerto Rico[,]," and "her fondness for Puerto Rico as her preferred layover destination to reach her family's properties in Punta Cana." (Docket No. 12–1 at p. 14.) Plaintiff Swanson, however, fails to provide legal support that suggests that vacations and a layover destination represent "continuous and systematic" contacts. In one of the cases that plaintiff Swanson cites, *Lee v. United Parcel Service, Inc.*, the Court found general jurisdiction where the out-of-state defendant had: "(1) seven operating facilities in Puerto Rico; (2) one hundred fifty eight delivery truck fleets which [were] operated in Puerto Rico; and (3) four hundred thirty one employees in Puerto Rico." 731 F.Supp.2d 194, 198 (D.P.R.2010). In contrast, out-of-state defendant Coffeen's only alleged contacts with Puerto Rico are limited to her coming to Puerto Rico for vacations and layovers on her way to the Dominican Republic. These limited contacts are not "continuous and systematic" and do not suggest that defendant Coffeen is "essentially at home" in Puerto Rico. Accordingly, the Court does not have general jurisdiction over defendant Coffeen.[5]

### B. Specific Jurisdiction

Plaintiff Swanson only implicitly refers to specific jurisdiction over her. (Docket No. 12–1 at p. 15.) The Court, neverthe-

---

5. Plaintiff Swanson contends that to comport with traditional notions of fair play and substantial justice the Court must examine defendant Coffeen's character in order to decide whether it has personal jurisdiction over her. Any significance attributed to the character of defendant Coffeen or her actions would be part of the reasonableness inquiry, which is

"secondary rather than primary; unless the defendant has some cognizable contacts with the proposed forum, the court cannot assert general jurisdiction." *Sandstrom v. Chem-Lawn Corp.*, 904 F.2d 83, 89 (1st Cir.1990) (internal quotation marks and citation omitted).

less, looks to whether it has specific personal jurisdiction over defendant Coffeen. "For specific jurisdiction, the constitutional analysis is divided into three categories: relatedness, purposeful availment, and reasonableness." *Phillips v. Prairie Eye Center,* 530 F.3d 22, 27 (2008). The three-part analysis is explained in *Phillips Exeter Acad. v. Howard Phillips Fund,* 196 F.3d 284 (1st Cir.1999):

> First, an inquiring court must ask whether the claim that undergirds the litigation directly relates to or arises out of the defendant's contacts with the forum. Second, the court must ask whether those contacts constitute purposeful availment of the benefits and protections afforded by the forum's laws. Third, if the proponent's case clears the first two hurdles, the court then must analyze the overall reasonableness of an exercise of jurisdiction in light of a variety of pertinent factors that touch upon the fundamental fairness of an exercise of jurisdiction.

530 F.2d at 288.

"The requirement that a suit arise out of, or be related to, the defendant's in-forum activities comprises the least developed prong of the due process inquiry." *Ticketmaster–N.Y., Inc. v. Alioto,* 26 F.3d 201, 206 (1st Cir.1994). "We do know to a certainty only that the requirement focuses on the nexus between defendant's contacts and the plaintiff's cause of action." *Id.*

■ In a tort claim, the Court "customarily look[s] to whether the plaintiff has established 'cause in fact (i.e., the injury would not have occurred but for the defendant's forum-state activity) and legal cause (i.e., the defendant's in-state conduct gave birth to the cause of action.)'" *Mass. School of Law at Andover, Inc. v. American Bar Ass'n,* 142 F.3d 26, 35 (1st Cir. 1998) (quoting *United Elec., Radio &*

*Mach. Workers v. 163 Pleasant St. Corp.,* 960 F.2d 1080, 1088 (1st Cir.1992)). To assert a defamation claim against a private defendant in Puerto Rico, the plaintiff "must show that the defendant (1) made a false statement, (2) in a negligent manner, (3) causing actual damage to the plaintiff." *Baltodano v. Merck, Sharp & Dohme (I.A.) Corp.,* 637 F.3d 38, 43 (1st Cir.2011) (citing *Villanueva v. Hernandez Class,* 128 P.R. Offic. Trans. 618, 647–48 (1991)).

■ We begin by identifying any contacts with Puerto Rico, "since there can be no requisite nexus between the contacts and the cause of action if no contacts exist." *United States v. Swiss Am. Bank, Ltd.,* 274 F.3d 610, 621 (1st Cir.2001). First, plaintiff Swanson alleges that defendant Coffeen's contacts with Puerto Rico consist of her coming to the Commonwealth for vacations and layovers. Plaintiff Swanson fails to allege that these contacts give rise to his cause of action for defamation, (*See* Docket No. 12–1), and the Court finds that they do not. Accordingly, those contacts do not permit the Court to exercise specific jurisdiction over defendant Coffeen.

■ Second, plaintiff Swanson alleges various injuries suffered in Puerto Rico. In-forum injuries that result from extra-forum activities have, at times, been held to be sufficient to constitute minimum contacts. *See Calder v. Jones,* 465 U.S. 783, 789, 104 S.Ct. 1482, 79 L.Ed.2d 804 (1984); *see also Hugel v. McNell,* 886 F.2d 1, 4–5 (1st Cir.1989) (finding jurisdiction where the complaint alleged that out-of-state defendants "gave the information to the *Washington Post* reporters with the intent that it be published and thus disseminated nationwide and cause damage to [plaintiff's] reputation in [the forum state]"). In *Calder,* the Supreme Court held that a California court could assert personal ju-

risdiction over out-of-state defendants in a defamation action based on the "effects" in California of defendants' tortious Florida conduct "because the intentional conduct in Florida was calculated to cause injury to respondent in California." *Id.* at 789–90, 104 S.Ct. 1482. The "effects" of the defendants' extra-forum actions in *Calder*, however, were not limited to the plaintiff's in-forum injuries. The defendants' extra-forum actions also led to the in-forum publication of the defamatory article, which gave rise to the cause of action in the forum. *Id.* The First Circuit Court of Appeals distinguished *Calder* from other cases where the only in-forum contact is the plaintiff's injury because in *Calder* "the actual tort or injury, not just its consequences, occurred within the forum." *Swiss Am. Bank*, 274 F.3d at 624–25. The First Circuit Court of Appeals further noted that "*Calder* 'cannot stand for the broad proposition that a foreign act with foreseeable effects in the forum state always gives rise to specific jurisdiction.' " *Id.* at 623 (quoting *Bancroft & Masters, Inc. v. Augusta Nat'l Inc.*, 223 F.3d 1082, 1087 (9th Cir.2000)). "Under *Calder*, in order for jurisdiction to be based *solely* on the in-forum effects of defendant's activity, the plaintiff must show that the defendant acted for the very purpose of causing harmful effects in the forum." *Id.* at 632 (quotations omitted).

Unlike *Calder*, all of defendant Coffeen's alleged actions, and all effects of those actions that give rise to plaintiff Swanson's cause of action, took place outside of the forum state, Puerto Rico. The cause of action alleged by plaintiff Swanson—defendant Coffeen's defamatory statements—occurred in Spain; only some of the alleged subsequent injuries occurred in Puerto Rico. Because only some of the injuries resulting from an alleged tort, and not the tort itself, arose in Puerto Rico, the Court finds that the contacts defendant Coffeen has with Puerto Rico are not sufficiently related to plaintiff Swanson's cause of action. Given that the Court finds that Coffeen does not have sufficient contacts with Puerto Rico to satisfy the relatedness prong of the analysis, it does not need to proceed to the second and third prongs. *Swiss Am. Bank*, 274 F.3d at 625. Accordingly, the Court cannot exercise specific jurisdiction over defendant Coffeen.

## IV. CONCLUSION

For the reasons discussed above, the Court finds that personal jurisdiction does not exist in this forum over out-of-state defendant Coffeen. Accordingly, this case is **DISMISSED WITHOUT PREJUDICE.**

Judgment shall be entered accordingly.

**IT IS SO ORDERED.**