NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

25-P-604

KARIM ASSAF

vs.

CITY OF BOSTON.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff, Karim Assaf, a resident of New York, visited Boston from August 17 to 23, 2023.  On April 3, 2025, he filed a complaint in the Superior Court against the defendant, the city of Boston, for violating his civil liberties by allegedly implanting an "illegal BCI" (or brain-to-computer interface) in his eye and using it to spy on others and force him to talk out loud.  As a result of the defendant's actions, the plaintiff claimed that he was subjected to slavery and that his right to privacy was violated.  A judge of the Superior Court dismissed the plaintiff's complaint sua sponte, before service and without a hearing, for failure to state a claim upon which relief could

be granted.  See Mass. R. Civ. P. 12 (b) (6), 365 Mass. 754 (1974).  We affirm.

Discussion.  "We review the grant of a motion to dismiss de novo, accepting as true all well-pleaded facts alleged in the complaint, drawing all reasonable inferences therefrom in the plaintiff's favor."  Lanier v. President & Fellows of Harvard College, 490 Mass. 37, 43 (2022).  "In assuming the facts as alleged, however, '[w]e do not regard as "true" legal conclusions cast in the form of factual allegations'" (citation omitted).  Edwards v. Commonwealth, 477 Mass. 254, 260 (2017), S.C., 488 Mass. 555 (2021).  "To survive a motion to dismiss, the facts alleged must 'plausibly suggest[ ] (not merely be consistent with) an entitlement to relief'" (quotation omitted).  Id., quoting Iannacchino v. Ford Motor Co., 451 Mass. 623, 636 (2008).

The plaintiff argues that the judge erred in dismissing his case but cites no legal authority anywhere in his brief.  In Chute v. Walker, 281 F.3d 314 (1st Cir. 2002), the United States Court of Appeals for the First Circuit acknowledged that a sua sponte dismissal entered without notice may be affirmed, but only "[i]f it is crystal clear that the plaintiff cannot prevail and that amending the complaint will be futile" (citation omitted).  Id. 319.  The court explained that the "party defending the dismissal must show that 'the allegations

2

contained in the complaint, taken in the light most favorable to the plaintiff, are patently meritless and beyond all hope of redemption'" (citation omitted).  Id.  We agree with the defendant that this case presents the rare instance in which, reviewing the allegations in the complaint in the light most favorable to the plaintiff, the complaint fails to identify a legal theory of recovery and is "so manifestly frivolous" that amending the complaint would be futile.

Judgment affirmed.

By the Court (Desmond, Shin & Walsh, JJ.[1]),

*Paul Little*

Clerk

Entered:   December 18, 2025.

---

[1] The panelists are listed in order of seniority.