# United States Court of Appeals
## For the First Circuit

No. 06-2398

CRUZ MARTÍNEZ-RIVERA, ET AL.,

Plaintiffs, Appellants,

v.

ROBERTO SÁNCHEZ RAMOS, ET AL.,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Jay A. Garcia-Gregory, U.S. District Judge]

Before

Boudin, Chief Judge,
Howard, Circuit Judge,
and Saylor,* District Judge.

Jo-Ann Estades Boyer for appellants.
Salvador J. Antonnetti-Stutts, Solicitor General, with whom
Mariana Negrón-Vargas, Deputy Solicitor General, Maite D. Oronoz
Rodríguez, Deputy Solicitor General, and Susana I. Peñagarícano-
Brown, Assistant Solicitor General, were on brief, for appellees
Roberto Sánchez Ramos and Pedro Toledo.

August 7, 2007

* Of the District of Massachusetts, sitting by designation.

**Saylor**, **District Judge**.  This appeal arises out of the sua sponte dismissal of a civil rights action.  The complaint sought damages for the death of Luis Cepeda Martínez, allegedly at the hands of Puerto Rico police officers, under 42 U.S.C. § 1983 and various state law theories.  Plaintiffs sued multiple defendants, including Roberto Sánchez Ramos, Secretary of the Puerto Rico Department of Justice, and Pedro Toledo, Superintendent of the Puerto Rico Police Department.  Sánchez Ramos and Toledo moved to dismiss the amended complaint.  With leave of court, plaintiffs filed a second amended complaint that removed Sánchez Ramos as a defendant and replaced Toledo with defendant Agustin Cartagena.  The district court then dismissed the claims against the remaining defendants sua sponte.  Plaintiffs appealed, and we now affirm in part and reverse in part.

## I.   BACKGROUND

Because the district court dismissed plaintiffs' claims pursuant to Fed. R. Civ. P. 12(b)(6), we assume the truth of the facts set forth in the second amended complaint.  See Palmer v. Champion Mortgage, 465 F.3d 24, 27 (1st Cir. 2006).

On October 28, 2004, Luis Cepeda Martínez was on the seventh floor of the Torre Sabana Housing Project, where his mother resides.  Sometime between 5:00 and 6:00 a.m., officers of the Puerto Rico Police Department conducted a raid on the premises.  As Cepeda Martínez walked toward his mother's apartment, he ran into

several plainclothes police officers. The officers instructed him to stop. Then, "without provocation or reason," and despite the fact that he was "unarmed and harmless," he was shot to death. (Second. Am. Compl. §§ 16, 18). The complaint further alleges that the officers dragged Cepeda Martínez down the stairs to the first floor, and then instructed a neighbor to clean the blood off the floor and stairs so that children would not see it. Although the police department reported that Cepeda Martínez had been shooting at the officers, no weapon was ever recovered.

The complaint alleges that defendants Sergeant Antonio Martínez and Officer Enrique Bencebi, along with other unidentified police officers, were among those who participated in the raid at Torre Sabana. It further alleges that Police Superintendent Agustin Cartagena, Sergeant Martínez, and other unidentified defendants were in charge of the raid and ultimately responsible for the instructions given to the police officers conducting the raid. The complaint does not, however, identify which officer or officers actually shot Cepeda Martínez.

Cepeda Martínez's parents, siblings, and children (a son and a daughter, represented by their respective mothers) commenced a civil action in the United States District Court for the District of Puerto Rico on October 28, 2005. The original complaint asserted claims against various defendants under 42 U.S.C. § 1983, contending that defendants violated Cepeda Martínez's rights under

the Fourth, Fifth, Eighth, Ninth, and Fourteenth Amendments to the United States Constitution. Plaintiffs also asserted state-law claims under the laws and Constitution of the Commonwealth of Puerto Rico, including Article 1802 of the Civil Code of Puerto Rico.

On January 18, 2006, plaintiffs filed an amended complaint against the following defendants: (1) Roberto Sánchez Ramos, in his personal and official capacity as Secretary of the Puerto Rico Department of Justice; (2) Pedro Toledo, in his personal and official capacity as Superintendent of the Puerto Rico Police Department; (3) Sergeant Antonio Martínez, in his personal and official capacity as an agent of the Carolina Drug Unit of the Puerto Rico Police; (4) Officer Enrique Bencebi, in his personal and official capacity as an agent of the Carolina Drug Unit; and (5) several unidentified officers, listed in the complaint as Richard Roe, Peter Poe, Jane Doe, and John Doe.

Defendants Sánchez Ramos and Toledo moved to dismiss the amended complaint on March 7, 2006, on the grounds that (1) the Eleventh Amendment barred the claims against defendants in their official capacities; (2) plaintiffs failed to show a causal connection between their federal rights deprivation and defendants' actions; and (3) plaintiffs lacked standing to sue under 42 U.S.C. § 1983. On March 27, Sánchez Ramos and Toledo filed a motion requesting that their motion to dismiss be adjudicated as

-4-

unopposed, as plaintiffs had not responded within the ten-day period prescribed by the Local Rules. On that same date, plaintiffs sought an extension of time in which to file an opposition to the motion. The district court denied plaintiffs' request for an extension on March 28.

Plaintiffs then requested leave to file a second amended complaint. On May 4, the district court granted the request. At the same time, however, it entered an opinion and order dismissing the entire action. In the opinion, the district court began by noting that the second amended complaint (1) dismissed all claims against Sánchez Ramos and replaced Toledo with defendant Agustín Cartagena;[1] (2) dismissed all claims alleging violations of the Fifth, Eighth, and Ninth Amendments; and (3) dropped all claims against the police superintendent (now defendant Cartagena) in his official capacity.[2] The court then dismissed the § 1983 claims against the remaining defendants sua sponte for failure to state a

---

[1] At the time of dismissal, defendants Martínez and Cartagena had not yet been served with the summons and complaint. Defendant Bencebi was served on November 17, 2005.

[2] On appeal, plaintiffs did not address the issue of whether the second amended complaint included claims against the police superintendent in his official capacity. The issue is therefore waived. See Sullivan v. Neiman Marcus Group, Inc., 358 F.3d 110, 114 n.1 (1st Cir. 2004).

claim, and dismissed the claims under Puerto Rico law without prejudice.[3]  This appeal ensued.

## II.  DISCUSSION

We review de novo a district court's dismissal of a complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6).  See Palmer, 465 F.3d at 27.

The district court dismissed the claims against Cartagena, Bencebi, Martínez, and the unidentified officers sua sponte.  Although the court stated that it was granting defendants' motion to dismiss, the only moving parties--Sánchez Ramos and Toledo--had been dropped from the suit.  No other defendant had sought dismissal.

As a general matter, "[s]ua sponte dismissals are strong medicine, and should be dispensed sparingly."  Chute v. Walker, 281 F.3d 314, 319 (1st Cir. 2002)(quoting Gonzalez-Gonzalez v. United States, 257 F.3d 31, 33 (1st Cir. 2001)).  "The general rule is that 'in limited circumstances, sua sponte dismissals of complaints under Rule 12(b)(6) . . . are appropriate,' but that 'such dismissals are erroneous unless the parties have been afforded

---

[3] In addition to the § 1983 claims of Cepeda Martínez, brought by his representatives, the district court also dismissed the § 1983 claims brought on plaintiffs' own behalf for loss of companionship.  On appeal, any issues as to the dismissal of plaintiffs' own § 1983 claims or the supplemental claims under Puerto Rico law have been waived, as plaintiffs fail to address the subjects in their brief.  See Smilow v. Southwestern Bell Mobile Sys., Inc., 323 F.3d 32, 43 (1st Cir. 2003)("Issues raised on appeal in a perfunctory manner (or not at all) are waived.").

notice and an opportunity to amend the complaint or otherwise respond.'" Chute, 281 F.3d at 319 (quoting Futura Dev. of P.R., Inc. v. Estado Libre Asociado de P.R., 144 F.3d 7, 13-14 (1st Cir. 1998)).

Even a sua sponte dismissal entered without prior notice to the plaintiff may be proper in relatively egregious circumstances. See Gonzalez-Gonzalez, 257 F.3d at 37. "If it is crystal clear that the plaintiff cannot prevail and that amending the complaint would be futile, then a sua sponte dismissal may stand." Id. The burden is on the party defending the dismissal to demonstrate that "the allegations contained in the complaint, taken in the light most favorable to the plaintiff, are patently meritless and beyond all hope of redemption." Id.; see also Chute, 281 F.3d at 319.

Plaintiffs contend that the district court erred in dismissing the second amended complaint sua sponte. As to the claims alleging violations of the Fourth and Fourteenth Amendments, we agree. To the extent, however, that the complaint purports to allege violations of the Fifth, Eighth, and Ninth Amendments, the claims are entirely without merit and the dismissal will be affirmed.

### A.     Fourth and Fourteenth Amendment Claims

The second amended complaint alleges that Luis Cepeda Martínez was shot "without provocation or reason" in the course of

a police raid, despite the fact that he was "unarmed and harmless." (Second Am. Compl. ¶¶ 16, 18). It further alleges that defendants Martínez and Bencebi, along with other unnamed officers, "were among the officer ones [sic] who conducted the raid" and that "[o]ne of the officers involved in the raid shot one or more of the bullets that proximately resulted" in the death of Cepeda Martínez. (Second Am. Compl. ¶ 17). That shooting is alleged, among other things, to have deprived Cepeda Martínez of his life without due process of law in violation of the Fourteenth Amendment and to have constituted an unreasonable seizure in violation of the Fourth Amendment.[4] The district court dismissed the Fourth and Fourteenth Amendment claims on the grounds that plaintiffs had failed to "point to a specific wrongful act by defendants that caused or contributed to" the alleged violation. Martinez-Rivera v. Sanchez Ramos, 430 F. Supp. 2d 47, 54 (D.P.R. 2006).

There is no question that the shooting of an "unarmed and harmless" civilian by police officers "without provocation or reason," if proved, constitutes a constitutional violation. The district court was apparently troubled, however, by the fact that the plaintiffs cannot, at this stage, identify the specific officer who shot Cepeda Martínez, or what (if anything) the other officers

---

[4] The Fourth Amendment's prohibition against unreasonable seizures has been made applicable to the states by the Fourteenth Amendment. See Mapp v. Ohio, 367 U.S. 643, 655 (1961); Maryland v. Pringle, 540 U.S. 366, 369 (2003).

-8-

did to contribute to the alleged violation. Without further commenting on the merits of the second amended complaint, we note that as a general matter a plaintiff may bring suit against a fictitious or unnamed party where a good-faith investigation has failed to reveal the identity of the relevant defendant and there is a reasonable likelihood that discovery will provide that information. See, e.g., Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971); Maclin v. Paulson, 627 F.2d 83, 87 (7th Cir. 1980) ("As Bivens . . . recognize[s], when, as here, a party is ignorant of defendants' true identity, it is unnecessary to name them until their identity can be learned through discovery or through the aid of the trial court.").[5] At the very least, plaintiffs here should have the opportunity to explain to the district court why the complaint states a claim, or to request further leave to amend if appropriate. We therefore conclude that plaintiffs' Fourth and Fourteenth Amendment claims are not "patently meritless and beyond all hope of redemption," and that the district court's sua sponte dismissal of these claims without notice to the plaintiffs was in error. Gonzalez-Gonzalez, 257 F.3d at 37.

---

[5] The practice is particularly common in cases of alleged police brutality, where a plaintiff may be aware of the nature and cause of the injury but not the identity of the perpetrators, and has no realistic means of obtaining the information outside the discovery process. See, e.g., Bivens, 403 U.S. at 390 n.2. Of course, once those identities are revealed, the plaintiff should act promptly to amend the complaint to substitute the correct parties and to dismiss any baseless claims.

-9-

**B.      Fifth, Eighth, and Ninth Amendment Claims**

Plaintiffs further contend that the district court erroneously concluded that the second amended complaint did not include claims alleging violations of the Fifth, Eighth, and Ninth Amendments.  In support of this contention, plaintiffs point to the jurisdictional allegations, which expressly state that the action is brought pursuant to 42 U.S.C. § 1983 and the Fourth, Fifth, Eighth, Ninth and Fourteenth Amendments.  Even assuming that such claims were properly asserted--a doubtful proposition at best--we nonetheless hold that the district court properly dismissed the Fifth, Eighth, and Ninth Amendment claims.

**1.      Fifth Amendment**

The Due Process Clause of the Fifth Amendment provides that "[n]o person shall . . . be deprived of life, liberty, or property, without due process of law . . . ."  U.S. Const. amend. V.  The Fifth Amendment Due Process Clause, however, applies "only to actions of the federal government--not to those of state or local governments."  Lee v. City of Los Angeles, 250 F.3d 668, 687 (9th Cir. 2001); see also Morin v. Caire, 77 F.3d 116, 120 (5th Cir. 1996)("[T]he Fifth Amendment applies only to the actions of the federal government, and not to the actions of a municipal government as in the present case."); cf. Dusenbery v. United States, 534 U.S. 161, 167 (2002) ("The Due Process Clause of the Fifth Amendment prohibits the United States, as the Due Process

-10-

Clause of the Fourteenth Amendment prohibits the States, from depriving any person of property without 'due process of law.'").[6] As plaintiffs do not allege that any of the defendants are federal actors, any Fifth Amendment claim was properly dismissed.

## 2. **Eighth Amendment**

The Eighth Amendment prohibits the imposition of "cruel and unusual punishment." U.S. Const. amend. VII. The Eighth Amendment, however, applies "only after the State has complied with the constitutional guarantees traditionally associated with criminal prosecutions." City of Revere v. Massachusetts Gen. Hosp., 463 U.S. 239, 244 (1983)(quoting Ingraham v. Wright, 430 U.S. 651, 671-72 n.40 (1977)). "[T]he State does not acquire the power to punish with which the Eighth Amendment is concerned until after it has secured a formal adjudication of guilt in accordance with due process of law." Id. Here, because there had been no formal adjudication of guilt against Cepeda Martínez at the time of the alleged constitutional deprivation, the Eighth Amendment is inapplicable and any claim brought on that theory was properly dismissed.

---

[6] Other provisions of the Fifth Amendment, such as the prohibitions against self-incrimination and double jeopardy, are applicable to the states through the Fourteenth Amendment. See Duncan v. State of La., 391 U.S. 145, 148 (1968) (self-incrimination); Benton v. Maryland, 395 U.S. 784, 794 (1969) (double jeopardy).

-11-

### 3. **Ninth Amendment**

Finally, plaintiffs contend that defendants violated Cepeda Martínez's Ninth Amendment rights. However, "[t]he Ninth Amendment--which stipulates that 'the enumeration in the Constitution of certain rights, shall not be construed to deny or disparage others retained by the people'--does not create substantive rights beyond those conferred by governing law." Vega-Rodriguez v. Puerto Rico Tel. Co., 110 F.3d 174, 182 (1st Cir. 1997). Accordingly, the district court properly dismissed any Ninth Amendment claim.

## III. CONCLUSION

The district court's sua sponte dismissal of claims under 42 U.S.C. § 1983, alleging violations of the Fourth and Fourteenth Amendment rights of Cepeda Martínez, was in error. To that extent, dismissal is therefore reversed and the case is remanded for further proceedings not inconsistent with this opinion. To the extent that the dismissal was based on alleged violations of the Fifth, Eighth, or Ninth Amendments, the dismissal is affirmed.