Not for Publication in West's Federal Reporter

# United States Court of Appeals
## For the First Circuit

No. 08-1977

RANDOLPH E. GREEN,

Plaintiff, Appellant,

v.

CONCORD BAPTIST CHURCH, ET AL.,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Richard G. Stearns, U.S. District Judge]

Before

Lynch, Chief Judge,
Torruella and Howard, Circuit Judges.

Randolph E. Green on brief pro se

March 9, 2009

**Per Curiam**.  Plaintiff Randolph Green appeals from a district court order dismissing his pro se complaint just ten days after it was filed.  Finding plaintiff's allegations to be not just meritless but incurably so, the court entered the order of dismissal sua sponte without prior notice or leave to amend.  Such a disposition is appropriate only in egregious cases.  Yet even if the court acted prematurely, we would regard any such error as harmless, since it is by now clear that an opportunity to amend the complaint would be futile.  We thus affirm.

In his vague, bare-boned complaint, plaintiff is apparently complaining about the sale of a church in Boston, Massachusetts of which he has been a member for 62 years.  Named as defendants are the "Concord Baptist Church Corporation" and the "Housing Economic Development Corporation," neither of which is further identified.  Plaintiff claims to have a property interest in the former, although he provides no explanation.  The complaint focuses on a meeting of church officials at which the decision to sell was apparently made.  Among his contentions are that the meeting was unlawful; his right to vote on the proposal was abridged; the church lawyer in attendance had a conflict of interest; and the selling price was too low.  These events are said to have violated due process and equal protection, along with a

-2-

collection of other federal rights.[1]  Without any further explanation as to how he was harmed, plaintiff requests damages in the amount of $20 million.

The district court was obviously justified in deeming these allegations insufficient to state a claim.  Among other deficiencies, there is no basis for inferring that state action existed (for purposes of § 1983), that a conspiracy was involved (§ 1985); that some form of discrimination occurred (§ 2000a-2); that plaintiff was deprived of a protected property interest (due process); or that he was improperly subjected to differential treatment (equal protection).  As the district court noted, it is impossible to "identify the role that any particular defendant is alleged to have played with respect to any specific cause of action."  For that matter, it is not even apparent how plaintiff has been harmed, apart from an inability to attend church services at that particular location.

The court's decision to dismiss the complaint sua sponte, without first giving plaintiff notice and an opportunity to amend, presents a closer question.[2]  Such an action is "rarely" warranted. Cepero-Rivera v. Fagundo, 414 F.3d 124, 130 (1st Cir. 2005).  "The

_____

[1] The complaint also cites the Fifth and Thirteenth Amendments and 42 U.S.C. §§ 1983, 1985 & 2000a-2.  Sections 1981 and 1988 are added on appeal.

[2] Since plaintiff was not proceeding in forma pauperis, the court was not invoking 28 U.S.C. § 1915(e) but rather its "inherent authority to manage its own docket."

general rule is that in limited circumstances, sua sponte dismissals of complaints under Rule 12(b)(6) ... are appropriate, but that such dismissals are erroneous unless the parties have been afforded notice and an opportunity to amend the complaint or otherwise respond."  Chute v. Walker, 281 F.3d 314, 319 (1st Cir. 2002) (internal quotation marks omitted).  To be sure, a sua sponte dismissal entered without notice or opportunity to amend "may be proper in relatively egregious circumstances."  Martinez-Rivera v. Sanchez Ramos, 498 F.3d 3, 7 (1st Cir. 2007).  Where the allegations in the complaint, viewed in the light most favorable to plaintiff, "are patently meritless and beyond all hope of redemption," i.e., where it is "crystal clear that the plaintiff cannot prevail and that amending the complaint would be futile," then such a dismissal may stand.  Gonzalez-Gonzalez v. United States, 257 F.3d 31, 37 (1st Cir. 2001).  "But haste makes waste, and it will be the rare case in which a sua sponte dismissal--at least, a sua sponte dismissal without leave to amend--will be upheld."  Id.

The cases falling within this exception generally contain incurable defects that are evident from the face of the complaint-- e.g., claims based on indisputably bogus legal theories or delusional factual scenarios.  See, e.g., Martinez-Rivera, 498 F.3d at 7-9 (upholding sua sponte dismissal of three claims deemed inherently defective on legal grounds, but reversing as to two claims deemed potentially salvageable through factual

supplementation); <u>Wyatt</u> v. <u>City of Boston</u>, 35 F.3d 13, 15 n.1 (1st Cir. 1994) (per curiam) (listing examples). The problem with the instant complaint, however, is not what it contains but what it does not contain: it is utterly bare-boned and conclusory, lacking any explanation as to how defendants violated plaintiff's legal rights and caused him injury. Such a deficiency is not <u>necessarily</u> incurable; in theory at least, additional allegations set forth in an amended complaint could bridge the gap. With respect to a complaint of this nature--i.e., one that is not inherently defective on its face but simply has no meat on its bones--it would seem that notice and an opportunity to amend should ordinarily precede any sua sponte dismissal.

Yet we need not ultimately decide whether the district court acted precipitously here. We would find any such error harmless, since it is clear at this point that an opportunity to amend would be futile. The chances of plaintiff producing an amended complaint that stated a cognizable claim are virtually non-existent. Even with all allegations construed in his favor, it is well-nigh impossible to conjure up a scenario in which the sale of the church harmed him in a way that contravened federal law. Significantly, neither in district court nor on appeal has plaintiff made any effort to supplement the factual allegations in his complaint or to clarify the legal grounds for recovery; no attempt has been made, in other words, to address the shortcomings

identified in the order of dismissal. And plaintiff has a track record of filing meritless, often frivolous, suits. <u>See</u>, <u>e.g.</u>, <u>Green</u> v. <u>U.S. Dep't of Labor</u>, 1st Cir. No. 07-2355 (rejecting challenge to level of benefits received for work injury sustained 43 years earlier). Under these circumstances, providing him with an opportunity to amend his complaint would be an empty formality. We decline to vacate and remand for such a purposeless undertaking.

<u>Affirmed. The motion opposing the November 28, 2008 notice of submission is denied.</u>