# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-3833

_____

Jeff M. Gaslin,                                    *
                                                   *
            Appellant,                             *
                                                   *    Appeal from the United States
      v.                                           *    District Court for the
                                                   *    District of Minnesota.
Shelly Fassler; Mille Lacs                         *
County Family Services,                            *    [UNPUBLISHED]
                                                   *
            Appellees.                             *

_____

Submitted: May 24, 2010
Filed: May 27, 2010

_____

Before MELLOY, BOWMAN, and SMITH, Circuit Judges.

_____

PER CURIAM.

Jeff M. Gaslin filed a 42 U.S.C. § 1983 complaint alleging that defendants violated his Ninth and Fourteenth Amendment rights when they ignored his objection to his ex-wife receiving public funds to care for their physically disabled child. The district court[1] granted defendants' motion to dismiss, and Gaslin appeals. For the following reasons, we affirm the district court's judgment.

_____

[1]The Honorable Ann D. Montgomery, United States District Judge for the District of Minnesota.

Because Gaslin did not suffer any injury in fact, he lacked standing to bring his claims in federal court. See Huggins v. FedEx Ground Package Sys., Inc., 566 F.3d 771, 773 (8th Cir. 2009) (sua sponte consideration of jurisdictional issues); Jewell v. United States, 548 F.3d 1168, 1172 (8th Cir. 2008) (plaintiff must establish subject matter jurisdiction, for which standing is prerequisite; standing requires "injury in fact," i.e., actual or imminent concrete and particularized invasion to legally protected interest; injury must be fairly traceable to challenged action of defendant and redressable by favorable decision). Specifically, we fail to see how defendants' conduct affected any property or liberty interest belonging to Gaslin, see Young v. City of St. Charles, 244 F.3d 623, 627 (8th Cir. 2001) (analysis of procedural and substantive due process claims begins with examination of interest allegedly violated); and the Ninth Amendment does not create substantive rights beyond those conferred by governing law, see Martinez-Rivera v. Sanchez Ramos, 498 F.3d 3, 9 (1st Cir. 2007).

Accordingly, we affirm the district court's judgment, but we modify the dismissal to be without prejudice.

_____