**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 18a0128n.06

Case No. 17-1527

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

**FILED**
Mar 12, 2018
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| SABRINA BROWN, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE EASTERN DISTRICT OF |
| EXCELDA MANUFACTURING | ) | MICHIGAN |
| COMPANY, INC., | ) | |
| | ) | |
| Defendant-Appellee. | ) | |

BEFORE: MERRITT and SUTTON, Circuit Judges; CLELAND, District Judge.[*]

SUTTON, Circuit Judge. Sabrina Brown alleges that Excelda Manufacturing fired her because she took leave under the Family and Medical Leave Act. Excelda responds that she lost her job because she repeatedly left work early without seeking permission. Because no reasonable juror could agree with Brown's claim, we affirm the district court's grant of summary judgment to Excelda.

Between December 1998 and May 2015, Sabrina Brown worked as a production associate for Excelda, a chemical product manufacturer located in Brighton, Michigan. In that role, Brown packed, bottled, and labeled Excelda's chemicals. Brown reported to Marie Wolfe, who reported in turn to Daniel St. George.

---

[*] The Honorable Robert H. Cleland, United States District Judge for the Eastern District of Michigan, sitting by designation.

Brown took leave under the Family Medical Leave Act three times during her stint at Excelda: between March 2001 and June 2001 for the birth of her son, intermittent leave between October 2008 and March 2009 for family care (looking after her mother), and intermittent leave between August 2014 and August 2015 for severe menstrual cramping. Excelda granted her all of the time off that she requested and reinstated her in full to her prior position upon return from each absence. Excelda managers never disciplined Brown for her excused absences or criticized her for them.

Throughout this time, Brown had timeliness and behavioral problems, all unrelated to Brown's permitted leaves. All told, these tardiness and attitude problems led to nineteen disciplinary actions by the company before her firing.

Her ultimate firing arose in part because Brown relied on a co-worker, Marvin Barnett, for transportation to and from work. Whenever Barnett left work early, so did Brown. On February 23, 2015, for example, Barnett asked Wolfe whether he could leave early to tend to a family emergency. Wolfe granted Barnett's request. Brown decided to leave with Barnett but she did not ask Wolfe for permission. Wolfe instead approached Brown just before she was about to leave and asked whether she had a different ride home. When Brown indicated she did not, Wolfe let Brown leave early that time.

On March 2, 2015, Barnett asked Wolfe whether he could leave work early after his mother died. Brown left work early with Barnett but did not seek permission from a supervisor.

On March 5, 2015, St. George had a meeting with Brown to discuss her early departures. St. George explained to Brown that "her attendance is her responsibility, not that of the associate she car pools with, and that having a back-up plan . . . would be a good option." R. 25-19 at 2. St. George underscored that "any further time off needed to be pre-planned and excused" and

that if she needed to take time off she must "discuss [it] with her supervisor immediately upon knowing." *Id.*

This smoldering lava reached the rim on May 14, 2015. Barnett told Wolfe he needed to leave work early to attend an appointment with his wife, and Wolfe approved the request. Brown again departed early with Barnett. According to Barnett, he had told Wolfe that "we're both going to go," referring to him and Brown (not his wife). R. 25-6 at 10. Wolfe denies that Barnett ever mentioned Brown. But everyone agrees that Brown departed without speaking to a supervisor. A few days later, Wolfe recommended that the company issue a written warning to Brown. St. George thought the warning insufficient and raised the matter with Excelda's human resources department. On May 19, 2015, Excelda fired Brown.

Brown filed this lawsuit alleging that Excelda retaliated against her 2014 leave in violation of the FMLA. The district court granted summary judgment to Excelda. Brown appealed.

At summary judgment we ask whether a genuine issue of material fact requires a trial or whether one party should win as a matter of law. Civil Rule 56(a). We review the question with fresh eyes and draw all reasonable factual inferences in favor of Brown, who lost below. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587–88 (1986).

The Family and Medical Leave Act enables covered employees to take up to twelve weeks of leave per year for qualified medical and family reasons. 29 U.S.C. § 2612(a). An employer may not interfere with its employees' exercise of their rights under the Act or retaliate against them for exercising those rights. *Id*. § 2615(a).

Absent direct evidence of unlawful conduct, we evaluate FMLA retaliation claims under the familiar *McDonnell Douglas* burden-shifting framework. *Bryson v. Regis Corp.*, 498 F.3d

561, 570 (6th Cir. 2007). Brown bears the burden of establishing a threshold case of retaliation. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). If successful, the burden shifts to Excelda to articulate a legitimate explanation for its decision. *Id.* If Excelda meets this requirement, Brown must show that the stated ground is a pretextual cover for retaliation. *Id.* at 804.

We need not determine whether Brown established a presumptive case of retaliation because she cannot discredit the company's reason for firing her. *See Cline v. BWXT Y-12, LLC*, 521 F.3d 507, 509 (6th Cir. 2008). The record speaks unequivocally: Excelda fired Brown because she repeatedly left work early without seeking permission from her supervisor.

Excelda's employee handbook states: "Occasionally you may need . . . to leave prior to the end of the shift. When this occurs, you must provide your supervisor with as much notification as possible to request the required time off." R. 25-7 at 3. Brown repeatedly left work early with Barnett without personally seeking out her supervisor and receiving permission. St. George admonished Brown on March 5 and reiterated that Brown needed to alert her supervisor personally before departing. Yet just two months later, Brown failed to do so, even under her own account.

In Brown's discharge letter, Excelda cited Brown's "numerous deficiencies with the attendance policy," her inability to arrange "advance scheduling of [her] time off" together with a "reliable back-up mode of transportation when carpool arrangements fall through," and her "walk[ing]-off the job one hour prior to the end of [her] shift, without notifying [her] Supervisor" on May 14. R. 27-18 at 1.

Insisting that Excelda's explanation is pretextual, Brown argues that Excelda treated her differently than Barnett, who had not taken leave under the Act. But Barnett received permission

to depart early from work; Brown didn't. Brown relied upon a co-worker for transportation and thus left whenever her ride left; Barnett didn't. Excelda treated them differently because they acted differently. That's fair, and that doesn't violate the FMLA.

Brown also points to an episode on January 14, 2015, in which Wolfe found Barnett and Brown in the kitchen at 7:35 a.m. but disciplined only Brown. We aren't moved. Excelda requires production associates, like Brown, to be at their machine by 7:30 a.m. But Barnett worked in the engineering department at the time. Excelda did not require him to be in any particular location at any particular time. Barnett and Brown were dissimilarly situated.

Brown ends on a different tack. She argues that on various occasions Excelda disciplined her in excess of its own written policies by issuing a written warning when only a coaching session was warranted. But Excelda began issuing these warnings in 2012, years before the 2014 leave at issue here. These (alleged) violations do not support a causal inference of pretext.

We affirm.