19-2958
Chichilanov v. Garland

BIA
Palmer, IJ
A209 024 176

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of March, two thousand twenty-one.

PRESENT:
　　　　JOSÉ A, CABRANES,
　　　　SUSAN L. CARNEY,
　　　　RICHARD J. SULLIVAN,
　　　　　*Circuit Judges.*

_____

ROMAN CHICHILANOV,
　　　　*Petitioner*,

　　　　v.　　　　　　　　　　　　　　　　19-2958
　　　　　　　　　　　　　　　　　　　　NAC
MERRICK B. GARLAND,
UNITED STATES ATTORNEY GENERAL,
　　　　*Respondent.*[1]

_____

FOR PETITIONER:　　　　Julia Greenberg, Esq., New York, NY.

---

[1] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Merrick B. Garland is automatically substituted as Respondent.

**FOR RESPONDENT:** Derek C. Julius, Assistant Director; Anthony O. Pottinger, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Roman Chichilanov, a native and citizen of Russia, seeks review of an August 29, 2019 decision of the BIA affirming an April 5, 2019 decision of an Immigration Judge ("IJ") denying Chichilanov's application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). *In re Roman Chichilanov*, No. A 209 024 176 (B.I.A. Aug. 29, 2019), *aff'g* No. A 209 024 176 (Immig. Ct. N.Y. City April 5, 2019). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). Chichilanov asserts his due process rights were violated as a result of interpreter error at his video hearing before the IJ; he also challenges the agency's adverse

credibility determination.

"To establish a violation of due process, an alien must show that []he was denied a full and fair opportunity to present [his] claims or that the IJ or BIA otherwise deprived [him] of fundamental fairness." *Burger v. Gonzales*, 498 F.3d 131, 134 (2d Cir. 2007) (internal quotation marks omitted). An alien must also demonstrate that he suffered prejudice as a result of the alleged deprivation. *See Garcia-Villeda v. Mukasey*, 531 F.3d 141, 149 (2d Cir. 2008) (requiring allegation of "some cognizable prejudice" to state a due process claim (internal quotation marks omitted)). Although Chichilanov insists that the interpreter at the video hearing was incompetent and that the video equipment used to conduct the remote hearing prevented the interpreter from understanding and correctly interpreting his complete testimony, the hearing transcript reflects otherwise. In fact, the transcript demonstrates that the IJ instructed Chichilanov to speak directly into the microphone, informed him that he should clarify any misunderstandings or mistranslations, addressed the objections raised by Chichilanov's lawyer as to the accuracy of the translations,

3

and had the parties repeat questions to ensure Chichilanov's complete answers were translated. Based on this record, Chichilanov has not shown he was deprived a full and fair opportunity to be heard or that he was prejudiced by interpreter error.

As for Chichilanov's challenge to the agency's adverse credibility determination, the record clearly reveals that the IJ's findings were supported by substantial evidence. *See Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018). In making credibility findings, a trier of fact may rely on "the inherent plausibility of the applicant's or witness's account, the consistency between the applicant's or witness's written and oral statements . . . , the internal consistency of each such statement, the consistency of such statements with other evidence of record . . . and any inaccuracies or falsehoods in such statements," without regard to whether an inconsistency, inaccuracy, or falsehood "goes to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling."

4

*Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76.

Here, the IJ reasonably relied on (1) the discrepancy between Chichilanov's written statement and his testimony about how the police abused his wife; (2) inconsistencies between Chichilanov's and his wife's accounts of how long they were detained and how they got home when they were released; and (3) the fact that his wife's written statement omitted her own arrest and detention. And while an applicant is not required to include every factual detail in his application, the agency is permitted to consider the omission of information "that a credible petitioner would reasonably have been expected to disclose." *Hong Fei Gao*, 891 F.3d at 78-79. Chichilanov's failure to mention in his written statement that the police tried to suffocate his wife is exactly such an omission, and the IJ was not required to accept Chichilanov's attempted explanation that his wife prepared his case. *Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be

5

*compelled* to credit his testimony." (internal quotation marks omitted)). Since Chichilanov was unable to explain the differences between his and his wife's versions of events or why his wife did not mention her arrest in her written statement, the IJ was fully justified in making an adverse credibility finding against Chichilanov. *Id.*

The IJ was also justified in questioning the plausibility of Chichilanov's assertion that he became friends with the neighbor who falsely accused him of assault. That skepticism was compounded by the fact that Chichilanov did not know whether his neighbor withdrew the complaint against him, or explain why neither he nor his wife ever attempted to contact the neighbor for a statement corroborating their claim of a false prosecution against them in Russia. *See Wensheng Yan v. Mukasey*, 509 F.3d 63, 66–68 (2d Cir. 2007) (recognizing that "the fact that there could conceivably be a scenario in which [petitioner's] behaviors would be plausible will not compel this Court to label unreasonable an IJ's finding of implausibility").

In short, the IJ's adverse credibility determination was supported by substantial evidence. And since Chichilanov's

asylum, withholding of removal, and CAT claims all rely on the same factual predicate, that adverse credibility finding is dispositive as to all three claims for relief. *See Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

<pre>
                              FOR THE COURT:
                              Catherine O'Hagan Wolfe,
                              Clerk of Court
</pre>