**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-1202
_____

AIDONG CHEN,
                                        Appellant

v.

KPMG LLP; KEVIN MARTELLI, KPMG Lighthouse Principal; WILLIAM KOCH,
KPMG Lighthouse Director; DAVID HALIK, KPMG Linux Administrator; BRAD
FISHER; STEPHEN CHASE; CLIFF JUSTICE; CARL CARANDE; TANDRA
JACKSON; DARREN BURTON; LISA MADDEN; CLAUDIA SARAN; WILLIAM
WILLIAMS; VINODH SWAMINATHAN; DEMETRIOS D MAHARAMAS
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 2-20-cv-09314)
District Judge:  Honorable Madeline Cox Arleo
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 1, 2021
Before: CHAGARES, PHIPPS, and COWEN, <u>Circuit</u> <u>Judges</u>

(Opinion filed October 4, 2021)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Pro se appellant Aidong Chen appeals from the District Court's order granting

defendant KPMG's motion to dismiss. For the following reasons, we will affirm the

District Court's judgment.

I.

As we write primarily for the parties, who are familiar with the facts and

procedural history, we will discuss the details only as they are relevant to our analysis.

Chen worked at KPMG from 2014 until he was terminated in 2017. He worked within

Lighthouse Operations Technology, a specialized research and development group.

Among other projects, Chen facilitated and developed an initiative involving the use of

graphical processing units (GPUs) in artificial intelligence.

In 2018, Chen filed an initial lawsuit relating to his experience at KPMG, naming

KPMG and three individuals as defendants and bringing claims under Title VII of the

Civil Rights Act of 1964 for race and national origin discrimination and retaliation, see

42 U.S.C. § 2000e-2(a). Complaint, Chen v. KPMG, LLP., 2-18-cv-12650 (D.N.J. Aug.

10, 2018).[1] Chen alleged that a group of his Lighthouse colleagues and supervisors, all

Caucasian men, systematically undermined and harassed him in order to steal credit for

his work and gain control of the GPU project, leading to his termination. He also alleged

that this treatment aligned with a broader pattern of discrimination within Lighthouse

against non-Caucasian employees.

---

[1] Chen appealed the District Court's eventual judgment in that matter. C.A. No. 21-1014.

During discovery proceedings, Chen raised a new claim for relief based on alleged misappropriation of intellectual property related to the GPU project. But Chen did not seek to amend his complaint.

In July 2020, while KPMG's motion for summary judgment was pending in the first case, Chen filed his complaint in this second case. He named KPMG, the three individual defendants from the first suit, and eleven new KPMG employees as defendants. He primarily claimed that KPMG had used his work on the GPU project without appropriately compensating him, presenting this as an intellectual property claim. Referring to Title VII and his earlier complaint, he also called for his former supervisors to be disciplined or criminally charged for framing him or ganging up and bullying him. The District Court granted KPMG's motion to dismiss the complaint.[2] Chen appeals.

II.

We have jurisdiction under 28 U.S.C. § 1291.[3] We review the District Court's grant of a motion to dismiss de novo. Newark Cab Ass'n. v. City of Newark, 901 F.3d

_____

[2] The District Court incorrectly attributed the motion to dismiss to all defendants. Chen attempted to serve the defendants through defense counsel. Defense counsel indicated, in filings with the District Court, that he represented all defendants but disputed the adequacy of service on behalf of the individual defendants. Defense counsel filed an appearance with the District Court and the motion to dismiss only on behalf of KPMG, although counsel explicitly made arguments on KPMG's behalf for dismissal of the claims against most of the individual defendants, see, e.g., Br. in Supp. of Mot. to Dismiss 23-26, ECF No. 12-1, and sought dismissal of the entire complaint, see id. at 26. On appeal, defense counsel appeared and filed a brief on behalf of all defendants.

[3] As the bases of federal question jurisdiction, Chen cited his intellectual property claim, his allegations of bullying, and the Title VII claims brought in his first action. Compl. 3, ECF No. 1. While the District Court construed Chen's intellectual property claim as a

3

146, 151 (3d Cir. 2018). In doing so, we accept all Chen's factual allegations in his complaint as true and construe those facts in the light most favorable to him. See id. "To survive a motion to dismiss, a complaint must contain sufficient factual allegations, taken as true, to 'state a claim to relief that is plausible on its face.'" Fleisher v. Standard Ins., 679 F.3d 116, 120 (3d Cir. 2012) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "We may affirm a district court for any reason supported by the record." Brightwell v. Lehman, 637 F.3d 187, 191 (3d Cir. 2011).

### III.

The District Court properly dismissed Chen's intellectual property claim to the extent that Chen presented a claim for misappropriation of an idea. To establish such a claim under New Jersey law, a plaintiff must show that "(1) the idea was novel; (2) it was made in confidence [to the defendant]; and (3) it was adopted and made use of [by the defendant in connection with his own activities]." Baer v. Chase, 392 F.3d 609, 627 (3d Cir. 2004) (quoting Flemming v. Ronson Corp., 258 A.2d 153, 156-57 (N.J. Super. Ct. Law Div. 1969)). While courts have not clearly articulated a test for novelty, materials in the public domain, or mere combinations and adaptations of such material, are not novel. Id. at 627-29.

---

common law claim for misappropriation of an idea, Chen attempted to invoke federal intellectual property law and employment law in his indistinct claims. In these circumstances, the District Court had federal question jurisdiction under 28 U.S.C. § 1331 and supplemental jurisdiction under 28 U.S.C. § 1367.

We agree with the District Court that Chen failed to adequately allege that the GPU project involved a novel idea. It is apparent from Chen's allegations that the concept of using GPUs in advancing artificial intelligence projects was already in the public domain by the start of the project and was actively promoted by a GPU vendor. Chen did not allege any novel innovation he introduced in the GPU project that rose above combining and adapting existing ideas. On appeal, he emphasizes that the project was a new and unique initiative within KPMG, but a misappropriation claim requires novelty with respect to the broader market and public domain. See Flemming, 258 A.2d at 157 (explaining that an idea may be new to the plaintiff without being novel).[4]

Chen's references to patents are insufficient to establish novelty for the purposes of misappropriation or to otherwise state a claim. As the District Court noted, Chen did not allege that he is the owner of a valid patent and so cannot state a claim for patent infringement. See 35 U.S.C. § 271; Hall v. Bed Bath & Beyond, Inc., 705 F.3d 1357, 1362 (Fed. Cir. 2013). In his complaint, Chen alleged that KPMG applied for at least one patent based on the use of GPUs in artificial intelligence, but he did not identify the patent or allege that he was responsible for the specific innovation in any patent. See Compl., ECF No. 1 at 9.[5] On appeal, Chen cites one specific KPMG patent, but fails to

---

[4] A misappropriation of ideas claim involves an implied contractual or fiduciary relationship. Flemming, 258 A.2d at 156. Chen and KPMG had an actual contractual relationship, and the parties argued several points regarding the applicable contractual provisions. As Chen failed to state a misappropriation claim and did not raise a contractual claim, we do not reach these arguments.

[5] Chen thus did not raise an inventorship claim under 35 U.S.C. § 256.

explain how the patent specifically reflects his contributions. In any case, we cannot consider these new allegations. See In re Capital Cities/ABC, Inc.'s Application for Access to Sealed Transcripts, 913 F.2d 89, 96 (3d Cir. 1990) ("This Court has said on numerous occasions that it cannot consider material on appeal that is outside of the district court record."). Chen does not provide any alternative legal framework to misappropriation of an idea or patent infringement for interpreting his intellectual property claims and forfeits any such argument. See M.S. ex rel. Hall v. Susquehanna Twp. Sch. Dist., 969 F.3d 120, 124 n.3 (3d Cir. 2020); N.J. Dep't of Env't Prot. v. Am. Thermoplastics Corp., 974 F.3d 486, 492 n.2 (3d Cir. 2020).

Chen's remaining allegations failed to state any plausible claim to relief.[6] He identifies no legal basis other than Title VII for his bullying claim against KPMG and his

_____

[6] As the District Court did not resolve the individual defendants' service objections, the District Court's arguably dismissed the claims against those defendants sua sponte. In narrow circumstances, courts have upheld a district court's authority to sua sponte dismiss a complaint against a non-moving defendant where it is clear the plaintiff cannot succeed, if the plaintiff has notice and an opportunity to respond to the moving defendant's relevant arguments. See Martinez-Rivera v. Sanchez Ramos, 498 F.3d 3, 7 (1st Cir. 2007) (describing limited circumstances in which sua sponte dismissals under Rule 12(b)(6) are appropriate); Acequia, Inc. v. Prudential Ins. Co. of Am., 226 F.3d 798, 807 (7th Cir. 2000) (stating "where one defendant succeeds in winning summary judgment on a ground common to several defendants, the district court may also grant judgment to the non-moving defendants, if the plaintiff had an adequate opportunity to argue in opposition"); see also Wachtler v. Cnty. of Herkimer, 35 F.3d 77, 82 (2d Cir.1994); Bonny v. Soc'y of Lloyd's, 3 F.3d 156, 162 (7th Cir. 1993); cf. Oatess v. Sobolevitch, 914 F.2d 428, 430 n.5 (3d Cir. 1990) (noting, in a different context, that a district court may sua sponte raise the deficiency of a complaint so long as the plaintiff is given an opportunity to respond). Here, the non-moving defendants were represented by the same counsel as the moving defendant and are participating in this appeal. Chen had notice and an opportunity to respond to the motion to dismiss. We will affirm the District

three supervisors but develops no allegations of racial or national origin discrimination in his complaint in this case. He also seeks inappropriate relief. For instance, Chen seeks criminal charges against some of the defendants, but civil plaintiffs cannot obtain such relief. See Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."). To the extent that Chen wished to import the Title VII claims from his first lawsuit into his new complaint, he was not permitted to do so. Cf. Walton v. Eaton Corp., 563 F.2d 66, 70 (3d Cir. 1977) (en banc) ("[I]t is clear that [the plaintiff] had no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant.").

Many of Chen's arguments on appeal are procedural complaints about both of his lawsuits. These arguments are unavailing. Chen's baselessly alleged judicial bias based on unfavorable rulings. Cf. Arrowpoint Cap. Corp. v. Arrowpoint Asset Mgmt., LLC, 793 F.3d 313, 330 (3d Cir. 2015) ("[A]dverse rulings—even if they are erroneous—are not in themselves proof of prejudice or bias."). Chen also complains that the case did not proceed to discovery and a jury trial. But Federal Rule of Civil Procedure 12(b)(6) "authorizes a court to dismiss a claim on the basis of a dispositive of law" in order to "streamline[] litigation by dispensing with needless discovery and factfinding." Neitzke

---

Court's dismissal of the individual defendants under the particular circumstances of this case.

v. Williams, 490 U.S. 319, 326-27 (1990).  We have considered his remaining arguments, but they are either immaterial or unsupported by the record.

IV.

Accordingly, we will affirm the judgment of the District Court.[7]

---

[7] We deny the requests for reassignment of the case and direct relief against the defendants that Chen made in his brief, as well as the motion for a conference included in his reply brief.  Appellant's Br. 6, 3d Cir. ECF No. 8; Appellant's Reply Br., 3d Cir. ECF No. 16 at 1, 11.