**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-3236
_____

DARCY LYNN SCHEYER, Individually,
and on behalf of a class of all others similarly situated,

Appellant

v.

LEHIGH UNIVERSITY; COMMUNITY VOICES CLINIC;
BETHLEHEM AREA SCHOOL DISTRICT;
ST. LUKE'S HEALTH NETWORK
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 5:20-cv-00322)
District Judge:  Honorable John M. Younge
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
July 11, 2023
Before:  JORDAN, CHUNG, and NYGAARD, <u>Circuit Judges</u>

(Opinion filed July 12, 2023)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Darcy Scheyer, proceeding pro se, appeals from the District Court's dismissal of her complaint with prejudice. For the reasons that follow, we will affirm.

Scheyer filed suit against Lehigh University, Community Voices Clinic, and Bethlehem Area School District, alleging violations of the Americans with Disabilities Act, the Rehabilitation Act, and state common law. Dkt. No. 1. After the School District filed a motion to dismiss, and the Clinic and Lehigh answered her complaint,[1] Scheyer filed an amended complaint and added St. Luke's University Health Network as a defendant. Dkt. No. 7. St. Luke's and the School District then filed motions to dismiss, and the Clinic and Lehigh again filed an answer, asserting affirmative defenses. Dkt. Nos. 12, 13, 19. The District Court granted the motions to dismiss and dismissed Scheyer's complaint as to all defendants with prejudice. Dkt. No. 26. Scheyer filed a notice of appeal. Dkt. No. 27.

---

[1] The Clinic and Lehigh averred that they are not separate legal entities. Dkt. Nos. 6 & 12.

We have jurisdiction under 28 U.S.C. § 1291.[2] We apply de novo review to the District Court's dismissal under Rule 12(b)(6) for failure to state a claim.[3] Castleberry v. STI Grp., 863 F.3d 259, 262-63 (3d Cir. 2017).

To the extent Scheyer argues that the District Court erred in sua sponte dismissing with prejudice her claims against non-moving defendants, the Clinic and Lehigh, we disagree. In narrow circumstances, courts of appeals have upheld a district court's authority to sua sponte dismiss a complaint against a non-moving defendant where it is clear the plaintiff cannot succeed, if the plaintiff has notice and an opportunity to respond to the moving defendant's relevant arguments. See Martinez-Rivera v. Sanchez Ramos, 498 F.3d 3, 7 (1st Cir. 2007); Wachtler v. County of Herkimer, 35 F.3d 77, 82 (2d Cir. 1994); cf. Oatess v. Sobolevitch, 914 F.2d 428, 430 n.5 (3d Cir. 1990). We discern no

---

[2] Scheyer filed her notice of appeal on November 24, 2022, more than thirty days after the District Court entered its dismissal order. See Fed. R. App. P. 4(a)(1)(A). However, because the District Court's seven-page order contained background, legal standards, and the reasoning for its disposition, it did not comply with the separate judgment rule set forth in Fed. R. Civ. P. 58(a). See Witasick v. Minn. Mut. Life Ins. Co., 803 F.3d 184, 187 (3d Cir. 2015). Thus, the District Court's judgment was not deemed entered until 150 days after the order was entered on the docket, see Fed. R. Civ. P. 58(c)(2)(B), and Scheyer's notice of appeal was timely filed. Despite Scheyer's argument on appeal, C.A. Dkt. No. 15 at 11, the District Court's dismissal order was final and appealable under 28 U.S.C. § 1291, as it ended the litigation without leave to amend. Weber v. McGrogan, 939 F.3d 232, 236 (3d Cir. 2019). Thus, Appellees' motions to dismiss the appeal for lack of appellate jurisdiction are denied. See Docs. 4, 6, 9.

[3] We do not review issues Scheyer has not argued on appeal, such as the District Court's decision to grant the School District and St. Luke's motions to dismiss. See Barna v. Bd. of Sch. Dirs. of Panther Valley Sch. Dist., 877 F.3d 136, 145-47 (3d Cir. 2017) (explaining that an appellant's failure to raise an argument constitutes forfeiture of that argument). As to the arguments Scheyer did present, we recognize that her brief is sparse. Regardless, we construe her pro se filings liberally and will review those arguments. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).

error in the District Court's conclusion that Scheyer failed to state sufficient facts to support plausible claims against the non-moving defendants, <u>see</u> <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009), and that further amendment as to these claims would be futile, <u>see</u> <u>In re Burlington Coat Factory Secs. Litig.</u>, 114 F.3d 1410, 1434 (3d Cir. 1997).  Nor do we consider Scheyer to have been without notice of the non-moving defendants' arguments or without opportunity to defend herself against them, as she filed an amended complaint after their first answer, and two years passed between the motions to dismiss and the District Court's order. The District Court's dismissal of the non-moving defendants was appropriate in this particular circumstance.[4]

Accordingly, we will affirm the judgment of the District Court.

---

[4] Scheyer argues on appeal that the District Court erred in failing to act on her requests for default judgment based on St. Luke's failure to timely respond to her amended complaint.  Dkt. Nos. 20 & 24.  However, we discern no abuse of discretion in the District Court's decision not to enter default judgment and instead to grant its motion to dismiss on the merits, especially because St. Luke's filed its motion to dismiss just nine days after its time to respond lapsed.  <u>See</u> <u>Chamberlain v. Giampapa</u>, 210 F.3d 154, 164 (3d Cir. 2000).