**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-2825
_____

ANNETTE L. STEINHARDT,
Appellant

v.

BERNARDSVILLE POLICE DEPARTMENT;
CHIEF KEVIN VALENTINE; DETECTIVE BRIAN KELLY;
CAPTAIN BRIAN HOEY, SOMERSET COUNTY PROSECUTOR;
DETECTIVE DOUGLAS BROWNLIE; THOMAS L. WHITEHEAD;
DETECTIVE PAUL KELLY, ALSO KNOWN AS WALTER P. KELLEY;
WILLIAM USSERY, RETIRED CHIEF OF POLICE BERNARDSVILLE;
STEVEN SEIPEL, BERNARDSVILLE POLICE DEPARTMENT;
SOMERSET COUNTY PROSECUTORS OFFICE
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 3-17-cv-02169)
District Judge: Honorable Michael A. Shipp
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 1, 2021
Before: CHAGARES, PHIPPS and COWEN, Circuit Judges

(Opinion filed: September 2, 2021)
_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

———————

PER CURIAM

Pro se appellant Annette L. Steinhardt appeals from the District Court's dismissal of her Fourth Amended Complaint with prejudice. For the following reasons, we will affirm the District Court's judgment.

I.

As we write primarily for the parties, who are familiar with Steinhardt's allegations and the lengthy proceedings before the District Court, we will only briefly summarize the details here. This case primarily arises from local law enforcement's handling of a dispute between Steinhardt and a contractor who, she alleges, illegally entered her home, destroyed it, and stole her property. Steinhardt alleges that local police and officials refused to provide a police report to support her insurance claim, improperly sided with the contractor, and retaliated against her. Steinhardt did not pursue a civil claim against the contractor. The contractor apparently filed a citizen complaint against Steinhardt in municipal court alleging theft of some equipment, but the case did not proceed beyond an initial hearing.

Steinhardt added and removed defendants across her several complaints but primarily named entities and individuals associated with either the Borough of Bernardsville or the Somerset County Prosecutor's Office. The Bernardsville defendants have fully participated throughout the case and in this appeal. The three individual

2

Somerset defendants waived service of the original complaint but did not participate in any way after that action.[1]

Steinhardt filed her original complaint in March 2017. The Bernardsville defendants moved to dismiss. Steinhardt submitted a First Amended Complaint without leave from the court and beyond the time permitted for amendment as a matter of course. See Fed. R. Civ. P. 15. The District Court granted the motion to dismiss the original complaint and permitted Steinhardt to file a Second Amended Complaint. The Bernardsville defendants again moved to dismiss, and the District Court granted their motions. It dismissed two categories of claims with prejudice: (1) claims against Miles S. Winder III, a Bernardsville municipal court judge, because of judicial immunity; and (2)

---

[1] Steinhardt named Sean Egan of the New Jersey Department of Criminal Justice as a defendant in her early complaints and the Somerset County Prosecutor's Office itself in her Fourth Amended Complaint. There is no indication in the record that either were ever served or waived service, so they are not parties within the meaning of Federal Rule of Civil Procedure 54(b). See United States v. Studivant, 529 F.2d 673, 674 n.2 (3d Cir. 1976).

Steinhardt moved for a default judgment against the individual Somerset defendants prior to the District Court's dismissal of her original complaint, after which the District Court dismissed the motion as moot. Steinhardt did not file any renewed motion for a default judgment after filing her amended complaints. It is not clear from the record whether Steinhardt served any of the amended complaints on these defendants. Since the attorney who filed the waivers of service did not enter an appearance, it is unclear whether the amended complaints were served on that attorney, and there is no evidence that the Somerset individual defendants were served directly. Since the amended pleadings appear to have asserted new claims for relief against these defendants, Federal Rule of Civil Procedure 5(a)(2) does not excuse service. If these defendants were not served the operative Fourth Amended Complaint, they are not parties. See id.

any personal injury claims that accrued prior to March 2015, because of New Jersey's applicable two-year statute of limitations.

Steinhardt filed a Third Amended Complaint against a reduced group of defendants. She sought damages under 42 U.S.C. §§ 1983 and 1988. The District Court granted the remaining Bernardsville defendants' motion to dismiss and dismissed Steinhardt's complaint. The District Court dismissed the § 1988 claims with prejudice but otherwise permitted her "one final opportunity to amend her complaint to comply with the Federal Rules of Civil Procedure, the District Court of New Jersey's Local Civil Rules, and the Court's specific filing instructions." Mem. Op. of Nov. 19, 2019, at 9, ECF No. 73.

In her Fourth Amended Complaint, Steinhardt added defendants and, in addition to her § 1983 claims, asserted new claims under 42 U.S.C. § 1985, 18 U.S.C. § 1030 (the Computer Fraud and Abuse Act), various constitutional amendments, and state law.[2] The Bernardsville defendants again moved to dismiss. The District Court granted the motion and dismissed Steinhardt's complaint with prejudice.

## II.

We have jurisdiction under 28 U.S.C. § 1291. We review the District Court's grant of a motion to dismiss de novo. Newark Cab Ass'n. v. City of Newark, 901 F.3d 146, 151 (3d Cir. 2018). In doing so, we accept all Steinhardt's factual allegations in her

---

[2] Steinhardt also referenced 18 U.S.C. § 241 and 34 U.S.C. § 12601, but these provisions contain no private right of action.

complaint as true and construe those facts in the light most favorable to her. See id. "To survive a motion to dismiss, a complaint must contain sufficient factual allegations, taken as true, to 'state a claim to relief that is plausible on its face.'" Fleisher v. Standard Ins., 679 F.3d 116, 120 (3d Cir. 2012) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). We also review de novo the District Court's determination that amendment would be futile. U.S. ex rel. Schumann v. AstraZeneca Pharms. L.P., 769 F.3d 837, 849 (3d Cir. 2014). "We may affirm a district court for any reason supported by the record." Brightwell v. Lehman, 637 F.3d 187, 191 (3d Cir. 2011).

III.

Steinhardt purports to appeal all the District Court's orders dismissing her several complaints. An amended pleading generally supersedes the earlier pleading and renders the original pleading a nullity. Palakovic v. Wetzel, 854 F.3d 209, 220 (3d Cir. 2017). The Fourth Amended Complaint was the operative pleading at the time of the District Court's judgment, and we will review the District Court's dismissal of that complaint. Steinhardt has waived appeal of any earlier dismissals unless repleading the particular cause of action involved would have been futile or she indicated an intent to stand on the dismissed claim. See id.; United States ex rel. Atkinson v. Pa. Shipbuilding Co., 473 F.3d 506, 516 (3d Cir. 2007). The District Court dismissed three categories of claims in Steinhardt's earlier complaints with prejudice, so repleading those claims would have

5

been futile.  Of these, Steinhardt's arguments on appeal only meaningfully challenge the dismissal of her claims against Miles S. Winder III.[3]  We will also review that dismissal.

First, we agree with the District Court that Steinhardt failed to state any plausible federal claim to relief against the Bernardsville defendants in her Fourth Amended Complaint.  Steinhardt alleged violations of 42 U.S.C. § 1983, 42 U.S.C. § 1985, and various constitutional amendments, but her confused and conclusory allegations do not state plausible claims for relief.

To state a claim under 42 U.S.C. § 1983, a plaintiff must establish "two essential elements: (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States."  Schneyder v. Smith, 653 F.3d 313, 319 (3d Cir. 2011).[4]  "Rather than conferring any substantive rights, section 1983 'provides a method for vindicating federal rights elsewhere conferred.'"  Hildebrand v. Allegheny Cty., 757 F.3d 99, 104 (3d Cir. 2014) (quoting Albright v. Oliver, 510 U.S. 266, 271 (1994)).

---

[3] Steinhardt's does not meaningfully dispute the District Court's dismissals with prejudice of her claims under 42 U.S.C. § 1988 and her claims that accrued prior to March 2015.  In any case, we discern no error in those rulings.

[4] To state a claim against the Bernardsville Police Department, Steinhardt needed to establish that her rights were violated as a result of a policy or custom.  See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978); Thomas v. Cumberland Cnty., 749 F.3d 217, 222 (3d Cir. 2014).  Steinhardt did not plausibly allege the existence of any such policy or custom.

Steinhardt primarily complains that the Bernardsville police did not provide a police report supporting her version of events, dooming her insurance claim. But she has no general federal right to an accurate or satisfactory police report, and she has not shown that the allegedly deficient investigation resulted in the deprivation of another federal right. See DeShaney v. Winnebago Cty. Dep't of Soc. Servs., 489 U.S. 189, 195-96 (1989) (holding that the Due Process Clauses do not create a right to affirmative governmental aid); D.R. by L.R. v. Middle Bucks Area Vocational Tech. Sch., 972 F.2d 1364, 1368–69 (3d Cir. 1992); Rossi v. City of Chicago, 790 F.3d 729, 735 (7th Cir. 2015); Landrigan v. Warwick, 628 F.2d 736, 744 (1st Cir.1980). Steinhardt alleges that the police's approach led to the denial of her insurance claim, but she did not pursue a civil claim against either her insurer or the contractor.[5] Under these circumstances, Steinhardt's alleged loss of property cannot be attributed to the police. Cf. A.J. ex rel. Dixon v. Tanksley, 822 F.3d 437, 442-43 (8th Cir. 2016) (questioning the viability of any due process claim based on a false police report that causes the denial of an insurance claim or the loss of a civil suit).

Steinhardt's other constitutional claims in the Fourth Amended Complaint are vague, confused, and conclusory. For instance, Steinhardt complains that she was denied a jury trial on the theft charge allegedly initiated by the contractor, but it appears that this

---

[5] Steinhardt alleges that one of the Bernardsville defendants made false statements to the "New Jersey State Court in Sommerville" but it is not clear what proceeding she is referencing. Fourth Am. Compl. 13, ECF No. 75.

charge was dismissed at or prior to an initial hearing. The Fourth Amended Complaint did not provide the Bernardsville defendants with fair notice of the constitutional claims against them and did not state constitutional claims for relief that are plausible on their face. See Twombly, 550 U.S. at 555, 570. Steinhardt therefore failed to establish that the Bernardsville defendants deprived her of any federal rights and failed to state a claim under § 1983.

Steinhardt's § 1985 claim fares no better. Her allegations are again vague and conclusory and do not provide adequate notice to the defendants. Furthermore, as the District Court noted, Steinhardt's allegations potentially implicate only § 1985(3) or the second portion of § 1985(2). Both of those provisions apply only where a conspiracy involves racial or otherwise class-based invidiously discriminatory animus. See Davis v. Twp. of Hillside, 190 F.3d 167, 171 (3d Cir. 1999) (discussing § 1985(2)); Farber v. City of Paterson, 440 F.3d 131, 135 (3d Cir. 2006) (discussing § 1985(3)). Steinhardt did not allege any such class-based animus.

Next, we turn to the District Court's dismissal of Steinhardt's claims against the individual Somerset defendants. The District Court concluded that these non-moving defendants (who may not have been served with the Fourth Amended Complaint, see supra n.1) were similarly situated to the moving Bernardsville defendants. In narrow circumstances, courts have upheld a district court's authority to sua sponte dismiss a complaint against a non-moving defendant where it is clear the plaintiff cannot succeed, if the plaintiff has notice and an opportunity to respond to the moving defendant's

8

relevant arguments. See Martinez-Rivera v. Sanchez Ramos, 498 F.3d 3, 7 (1st Cir. 2007)(describing limited circumstances in which sua sponte dismissals under Rule 12(b)(6) are appropriate); Acequia, Inc. v. Prudential Ins. Co. of Am., 226 F.3d 798, 807 (7th Cir. 2000) (stating "where one defendant succeeds in winning summary judgment on a ground common to several defendants, the district court may also grant judgment to the non-moving defendants, if the plaintiff had an adequate opportunity to argue in opposition"); see also Wachtler v. Cnty. of Herkimer, 35 F.3d 77, 82 (2d Cir.1994); Bonny v. Soc'y of Lloyd's, 3 F.3d 156, 162 (7th Cir. 1993); cf. Oatess v. Sobolevitch, 914 F.2d 428, 430 n.5 (3d Cir. 1990) (noting, in a different context, that a district court may sua sponte raise the deficiency of a complaint so long as the plaintiff is given an opportunity to respond). We will uphold this aspect of the District Court's ruling under the particular circumstances of this case. Here, Steinhardt's claims against all the defendants were intermixed and suffered from the same structural deficiencies. Given the District Court's dismissal of the claims against the Somerset defendants in the Third Amended Complaint, Steinhardt was certainly on notice that the District Court would scrutinize her claims against those defendants in the Fourth Amended Complaint. While Steinhardt arguably raised one newly added unique claim against a Somerset defendant in the Fourth Amended Complaint, this claim against Brian Hoey under the Computer Fraud

and Abuse Act was plainly deficient and relied on the same type of vague and conclusory allegations as her other claims.[6]

The District Court thus permissibly concluded that Steinhardt failed to state any federal claim on which relief could be granted against any defendant in her Fourth Amended Complaint, and, in turn, permissibly declined to exercise supplemental jurisdiction over Steinhardt's state and common law claims. See 28 U.S.C. § 1367(c)(3).[7] Given the District Court's prior allowances to Steinhardt, the District Court did not err in determining that further amendment would be futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).

Finally, Steinhardt's challenge to the District Court's dismissal of her claims against Miles Winder III fails. Winder served as the municipal court judge overseeing the theft charge against Steinhardt. Steinhardt did not plausibly allege that Winder acted outside of his judicial capacity, so the District Court properly dismissed Steinhardt claims on the basis of absolute judicial immunity. See Mireles v. Waco, 502 U.S. 9, 11-12 (1991).

---

[6] Furthermore, the private right of action in the Computer Fraud and Abuse Act is limited to conduct involving certain types of damage. 18 U.S.C. § 1030(g). Steinhardt has not plausibly alleged that any of the applicable types of damage can be traced to Hoey's alleged activity. See 18 U.S.C. § 1030(c)(4)(A)(i).

[7] While it appears that Steinhardt was a resident of Vermont when she filed this suit, she never argued that the District Court had jurisdiction based on diversity of citizenship.

IV.

Accordingly, we will affirm the judgment of the District Court.[8]

---

[8] On appeal, Steinhardt moved for an order requiring discovery from the Bernardsville Municipal Court administrator. 3d Cir. ECF No. 17. We deny that motion. Our review is limited to the record before the District Court. See In re Capital Cities/ABC, Inc.'s Application for Access to Sealed Transcripts, 913 F.2d 89, 96 (3d Cir. 1990) ("This Court has said on numerous occasions that it cannot consider material on appeal that is outside of the district court record.").